## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Docket No. _____

**K.F., a Minor, by and through his Legal Guardian**
**SANDRA FERNANDEZ**, Pro Se

Plaintiff,

v.

**HINES CORPORATION; MARINA BAY RESIDENCES, LLC;**
**MAYNARD NEXSEN P.C.; GREGORY SAPIRE; RAJ AUJLA;**
**DAN, TORPY, LE RAY, WIEST & GARNER, P.C.; DANIEL DAIN; KATE MORAN**
**CARTER;**
**BOZZUTO MANAGEMENT COMPANY; DELANEY BARRETT;**
**GALLAGHER EVELIUS & JONES LLP; JAMES BRAGDON; SANGEETHA**
**KANNAN;**
**AMPS LAW, P.C. ELEFTHERIOS "TED" PAPADOPOULOS;**
**BETH MATERNA;**
**KECHES LAW GROUP, P.C.; JONATHAN D. SWEET; PATRICK J. NELLIGAN;**
**QUAT LAW OFFICES; KENNETH QUAT;**
**CALLAHAN CONSTRUCTION MANAGERS; SLOANE AND WALSH LAW FIRM;**
**CHARLES F. ROURKE II,**
**CUBE 3 STUDIO, LLC; MG+ M LAW, MICHAEL P. SCHAEFER, ESQ.;**
**DOES 1–20 (inclusive);**

Defendants.

---

## VERIFIED COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF; CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, 12101 et seq.; FAIR HOUSING ACT; PROCEDURAL DUE PROCESS; ADA; RULE 17(c); AND REQUEST FOR LEAVE TO AMEND TO ASSERT ADDITIONAL CLAIMS AND DEFENDANTS UNDER RULE 15(a)

### INTRODUCTION

This action seeks emergency and long-term federal relief to halt the ongoing procedural,

physical, and constitutional harm inflicted upon a medically vulnerable minor, **K.F.**, whose

1

identity, injuries, and civil rights have been exploited and suppressed across multiple

Massachusetts state court proceedings—without lawful representation, consent, or **Rule 17(c)**

protection.

Despite being the most injured and least powerful party in a set of related housing and

construction litigations, K.F. has been systematically denied basic procedural rights while

billion-dollar corporations and their attorneys were granted protective orders, insurance

shielding, and favorable docket access.

Defendants—including property owners, developers, contractors, and attorneys—used K.F.'s

name, medical records, and housing conditions as a central factual basis to litigate, retaliate, and

seek dismissal of valid tenant claims, yet simultaneously opposed intervention and guardian

participation at every turn. When Plaintiff's legal guardian, Sandra Fernandez, sought to protect

the child's interests, her filings were blocked, undocketed, or denied, while filings by defendants

referencing K.F. were freely accepted and weaponized.

This pattern of procedural suppression, retaliation, and selective enforcement—including the

denial of protective orders to a disabled child while granting them to powerful adult defendants

—violates the **Fourteenth Amendment, the Americans with Disabilities Act, the Fair**

**Housing Act,** and **federal civil rights protections under 42 U.S.C. §§ 1983 and 1985.** It also

raises substantial questions of **fraud on the court, abuse of process, aiding and abetting, and**

**conspiracy to interfere with civil rights**.

K.F. now seeks injunctive, declaratory, and monetary relief from this Court to:

- Halt state court defaults and retaliatory counterclaims filed in his name;

- Enforce **Rule 17(c)** recognition of his legal guardian;

- Compel disclosure of all **insurance policies** wrongfully withheld in housing-related litigation;

- Redress irreparable harm to his medical privacy, housing stability, and due process rights;

- Stop further coercion, retaliation, and litigation-based harassment by the coordinated efforts of corporate and legal actors acting under color of law and private abuse.

This action is brought solely on behalf of K.F., a minor, by his legal guardian Sandra Fernandez, and is not a class action, though it arises from conduct within a putative class action, severed litigation, and construction defect matters in which K.F. was never lawfully joined, yet was strategically used and harmed.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** (federal question), **28 U.S.C. § 1343** (civil rights violations), and **28 U.S.C. § 2201** (declaratory relief), as this action arises under the **Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. §§ 1983, 1985**, the **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.**, the **Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.**, and related federal civil rights laws.

2. This Court has supplemental jurisdiction over related state law claims under **28 U.S.C. § 1367**, including claims under **Massachusetts General Laws Chapter 93A, Chapter 12, Chapter 12 § 11I, state tort and contract law**, which arise from the same nucleus of operative facts.

3. Venue is proper in the **United States District Court for the District of Massachusetts** under **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions

giving rise to the claims occurred in Massachusetts, including Norfolk County, Suffolk County, and Middlesex County.

4.    Plaintiff further invokes the equitable and supervisory authority of this Court pursuant to **28 U.S.C. § 1651 (the All Writs Act)** to protect the constitutional and procedural rights of a minor litigant whose identity, claims, and federal protections are being erased through unlawful state court practices and coordinated abuse.

5.    Plaintiff seeks **prospective injunctive relief** under **Ex parte Young**, **Fed. R. Civ. P. 65**, and **Rule 17(c)**, as well as **declaratory judgment** pursuant to **28 U.S.C. §§ 2201–2202**, and **leave to amend under Fed. R. Civ. P. 15(a)** as new facts and parties are revealed through discovery or tolling deadlines (e.g., **G.L. c. 93A**) elapse.

## II. PARTIES

1.    **Plaintiff K.F.** is a minor and a former tenant-resident of Marina Bay Residences, LLC, located in Quincy, Norfolk County, Massachusetts. K.F. was directly harmed by the unlawful acts of Defendants as set forth herein. He brings this action through his legal guardian, **Sandra Fernandez**, who has acted continuously in that capacity and now seeks formal recognition under **Fed. R. Civ. P. 17(c)**.

2.    Sandra Fernandez is the mother and legal guardian of K.F., and appears pro se on his behalf in this action. She resided at Marina Bay Residences with K.F. from 2018 until October 2024 and witnessed the events and retaliation described herein.

### A. PROPERTY MANAGEMENT AND OWNERSHIP DEFENDANTS

4

3. **Marina Bay Residences, LLC** is a Massachusetts limited liability company doing business in Norfolk County, and the owner of the property where K.F. resided. It is wholly owned and controlled by Hines.

4. **Bozzuto Management Company** is a Maryland-based property management firm with offices at 155 Federal Street, Boston, MA. It acted as the property manager for Marina Bay Residences at all relevant times and was responsible for day-to-day maintenance, leasing, tenant communications, and retaliation against Plaintiff.

5. **Hines** (also known as Hines Global REIT or Hines Interests Limited Partnership) is a multinational real estate investment firm with significant holdings in Massachusetts. It owns Marina Bay Residences, controlled Bozzuto's actions, and is valued at over $96 billion. Hines was aware of the mold, legal claims, and retaliatory conduct affecting K.F.

## B. CONSTRUCTION AND DESIGN DEFENDANTS

6. **Callahan Construction Managers** is a Massachusetts-based construction firm with offices in Bridgewater. Callahan was responsible for the original construction of Marina Bay Residences and was named in a 2021 construction defect lawsuit brought by Marina Bay involving construction defects, mold and water intrusion.

7. **Cube 3 Studio, LLC** is an architectural design firm headquartered in North Andover, Massachusetts. It was the architect of record for the construction of the property and a co-defendant in the Marina Bay v. Callahan lawsuit.

## C. INDIVIDUAL DEFENDANTS (PROPERTY AND LITIGATION)

8. **Delaney Barrett** was the on-site property manager at Marina Bay during the relevant period. She oversaw K.F.'s tenancy, retaliated after complaints, denied repairs, and participated in the unauthorized use of K.F.'s identity in litigation filings.

9. **Beth Materna** is an individual residing in Quincy, MA. She was substituted as a named plaintiff in the state putative nclass action against Marina Bay. She is not a legal representative of K.F., but was used to shield defendants from direct claims by K.F.

10. An asset management director of Hines submitted sworn affidavits on behalf of Marina Bay acknowledging ownership and denying responsibility for tenant injuries.

### D. ATTORNEY DEFENDANTS

11. **Jonathan D. Sweet, Esq.** is an attorney with **Keches Law Group, P.C.**, who filed and defended a Second Amended Complaint using K.F.'s name and alleged injuries without the guardian's consent. He is currently under investigation by the Massachusetts Board of Bar Overseers (BBO) for misconduct. He submitted unauthorized affidavits and ignored cease and desist notices.

12. **Patrick Nelligan, Esq.** is also affiliated with **Keches Law Group** and participated in defending the unauthorized pleadings and filings using K.F.'s identity.

13. **Kenneth Quat, Esq.** is an attorney at **Quat Law Offices** who filed pleadings in the putative class action, participated in opposition to protective orders for K.F., and resisted attempts by the guardian to intervene.

14. **Kate Moran Carter, Esq.** and **Daniel P. Dain, Esq.** are partners at **Dain Torpy LeRay Wiest & Garner, P.C.** They represent Marina Bay Residences and filed oppositions to

K.F.'s motions for intervention and protective relief, while simultaneously using his identity and private medical information.

15.    **James Bragdon, Esq., Sangeetha Kannan, Esq.,** and **Eleftherios "Ted" Papadopoulos, Esq.** are attorneys with **Gallagher Evelius & Jones LLP** and/or **AMPS Law, P.C.,** who represented Bozzuto and Delaney Barrett. They participated in the misuse of identity, procedural suppression, and denial of protective relief for the minor.

16.    **Gregory Sapire, Esq.** and **Raj Aujla, Esq.** are attorneys at **Maynard Nexsen, P.C.,** who also represent Marina Bay. They contributed to filings opposing K.F.'s intervention and supported efforts to exclude him from litigation while exploiting his injuries and medical records.

17.    **Charles F. Rourke II, Esq.** is an attorney with **Sloane and Walsh LLP** who represents Cube 3 Studio. He filed an opposition to K.F.'s motion to intervene in the Callahan construction defect case, asserting that K.F.'s claims were barred by the statute of repose, despite obvious injury timelines supporting jurisdiction.

**E. LAW FIRM DEFENDANTS**

18.    **Keches Law Group, P.C., Quat Law Offices, Dain Torpy LeRay Wiest & Garner, P.C., Gallagher Evelius & Jones LLP, AMPS Law, P.C., Maynard Nexsen, P.C.,** and **Sloane and Walsh LLP** are all law firms actively involved in litigation surrounding the events herein. Each firm is liable both for the conduct of their attorneys and for their role in misusing Plaintiff's identity, obstructing procedural access, and contributing to ongoing retaliation and harm.

**F. CAPACITY TO SUE AND RESERVATION OF RIGHTS**

19. All Defendants named herein are sued in their individual and professional capacities for their conduct relating to the wrongful use of K.F.'s identity, violation of federal rights, and retaliatory litigation tactics.

20. Plaintiff expressly reserves the right to amend this Complaint under **Fed. R. Civ. P. 15(a)** to include additional parties, claims, and relief based on ongoing investigation, including violations of **G.L. c. 93A**, civil **RICO**, and alleged insurance fraud statutes, once the **Chapter 93A** demand period expires.

### III. JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction under **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States, including:

- The **Fourteenth Amendment** to the United States Constitution;

- The **Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq.**;

- The **Fair Housing Act, 42 U.S.C. §§ 3601 et seq.**;

- **42 U.S.C. § 1983**, for violation of constitutional and statutory rights by persons acting under color of law;

- **42 U.S.C. § 1985(2)** and **(3)**, for conspiracy to interfere with civil rights;

- **Fed. R. Civ. P. 17(c)**, governing the rights and representation of minors;

- **Fed. R. Civ. P. 65**, for temporary and preliminary injunctive relief;

- The Declaratory Judgment Act, **28 U.S.C. §§ 2201–2202**;

- And other federal rules and provisions described below.

22. This Court also has supplemental jurisdiction over related state law claims under **28 U.S.C. § 1367(a)**, including but not limited to:

- Negligence;

- Breach of implied warranty of habitability;

- Breach of covenant of quiet enjoyment;

- Civil conspiracy;

- Intentional infliction of emotional distress;

- Fraud on the court;

- Aiding and abetting wrongful conduct;

- Violations of **G.L. c. 93A** (Massachusetts Consumer Protection Act);

- Claims involving constructive eviction, identity misuse, and landlord retaliation.

23.   Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because:

- All acts and omissions giving rise to the claims occurred in **Norfolk County, Massachusetts**, within this judicial district;

- Defendants conduct business in this district;

- The property at issue is located in Quincy, Massachusetts;

- And key litigation underlying the claims took place in the Massachusetts Superior Court for Norfolk County.

24.   No class certification has been requested in this federal case. Although related litigation in state court is styled as a "putative class action," the present action is not brought as a class action and arises solely from the unique, individualized harms to **K.F., a minor**, who is the most severely and procedurally injured party from among all similarly situated tenants.

25.    Plaintiff's guardian is not an attorney and proceeds **pro se on behalf of her minor child only**, invoking this Court's authority to protect the rights of children under **Rule 17(c)** and federal civil rights law.

### IV. FACTUAL ALLEGATIONS

**FACTUAL BACKGROUND**

1. **Introduction to Parties and Preceding Litigation History**

Plaintiff K.F., a minor child residing in Norfolk County, Massachusetts, has been the subject of significant physical, procedural, and civil rights harm arising out of unsafe housing conditions, retaliatory eviction, and litigation abuse by numerous defendants named herein. K.F. lived at Marina Bay Residences, a residential complex owned by Defendant Marina Bay Residences, LLC and operated by Defendant Bozzuto Management Company. His legal guardian, Sandra Fernandez, repeatedly notified Defendants of severe mold contamination, health injuries, and the need for accommodations. Rather than addressing these serious concerns, Defendants targeted K.F. and his guardian with litigation retaliation, identity misuse, and procedural suppression in multiple coordinated lawsuits across Norfolk County Superior Court.

2. **Severe Mold Exposure and Medical Harm (2018–2024)**

K.F. was exposed to dangerous levels of mold between 2018 and 2024, causing recurring respiratory symptoms, dermatological rashes, sneezing, inflamed eyes, frequent nose bleeds and confirmed mold antibody positivity. Despite multiple written notices, Defendants repeatedly denied the presence of mold, ceased repair work, and intentionally left HVAC systems and wall cavities contaminated. K.F. was placed in a "mock-up unit" adjacent to heavy construction and

ultimately homeschooled as a result of his deteriorating condition. Defendants were aware of a separate 2021 construction defect lawsuit filed against Callahan Construction Managers and Cube 3 Studio, involving the same building and mold allegations—yet they withheld this information from tenants, including Plaintiff and his guardian.

### 3. Retaliatory Eviction and Denial of Repairs

In retaliation for protected conduct—including rent withholding and the pursuit of legal remedies—Defendants refused to renew the family's lease and engaged in a coercive eviction process. This occurred despite the presence of a minor child with documented disabilities and serious health conditions, in violation of federal housing and disability laws.

### 4. Unauthorized Severance and Identity Misuse in Litigation

In February 2025, the putative class action Plaintiff, Dany Abouelkhier, lawfully discharged his attorney, Defendant Jonathan D. Sweet and Patrician Nelligan of Keches Law Group and Kenneth Quat of Quat Law. Attorney Sweet had filed a Second Amended Complaint without Plaintiff's knowledge or consent, despite the court having only granted leave to amend two specific counts. The unauthorized filing resulted in the Defendants submitting counterclaims directly in response to that improper pleading. Attorney Sweet then failed to respond to those counterclaims, which contributed to procedural complications and was later used as a basis to unlawfully sever the Plaintiff from the class action—without notice, hearing, or accountability for counsel's misconduct.

Nevertheless, in March 2025, Defendant Sweet, was officially withdrawn and without filing any notice of appearance or motion to intervene, participated in orchestrating the severance of Mr. Abouelkhier from the putative class action (Norfolk C.A. No. 2382CV00389) based on

filings submitted by Defendant Beth Materna. Sweet proceeded to use K.F.'s name, injuries, and identity in a Second Amended Complaint and counterclaims—without consent or legal joinder— in the severed case styled as Norfolk C.A. No. 2582CV00364. This occurred while K.F.'s guardian was repeatedly denied intervention or protective status under **Mass. R. Civ. P. 17(c) and 26(c)**, and despite Defendants' own reliance on the child's identity to justify their litigation strategy.

5.  **Affidavit Fraud and Misuse of Plaintiff's Statements**

In 2023, Jonathan Sweet drafted an affidavit that included factual inaccuracies and misstatements regarding the family's tenancy. Sandra Fernandez, the child's guardian, explicitly instructed Sweet to correct those errors via email and in person. While she signed the last page of the document under the express assurance that corrections would be made before any filing, no corrected version was ever reviewed or approved. Unbeknownst to Ms. Fernandez, the affidavit was filed without her permission and was later used in support of the Second Amended Complaint and in opposition to Delaney Barrett's motion to dismiss, thereby constituting procedural fraud, identity misuse, and abuse of trust by counsel.

6.  **Opposition to Intervention and Procedural Suppression**

Multiple defendants—including Marina Bay Residences, Bozzuto, Cube 3 Studio, and attorneys Jonathan Sweet and Beth Materna—filed formal oppositions to any attempt by Sandra Fernandez to intervene on behalf of the minor in both the severed and class dockets. These oppositions were filed even as the child's identity and medical condition were used in pleadings. Meanwhile, filings submitted on behalf of the minor were either rejected, suppressed, or never

docketed, a practice acknowledged by the Norfolk Superior Court clerk's office, which stated that filings would be reviewed before being docketed.

7. **Protective Order Disparity and Fourteenth Amendment Violations**

Despite being the only minor and the most directly harmed party, K.F. was uniquely denied any protective order or procedural protection, while all other parties—including wealthy corporate defendants like Hines (with an estimated valuation of $96 billion)—were granted **Rule 26(c)** protections. An emergency motion for protective relief for K.F. was formally denied by handwritten order on June 20, 2025, on the grounds that only his guardian and a co-tenant had mentioned him—despite widespread references to K.F. in Defendants' own filings.

8. **Retaliatory Settlement and Identity-Based Coercion**

In April 2025, Defendants produced a settlement agreement that attempted to bind K.F. to a broad waiver of all claims, participation, and remedies—without court approval or compensation —and without the knowledge or consent of his legal guardian. This agreement was used to pressure co-tenant Dany Abouelkhier to drop his defenses and settle the rent claims. Evidence exists showing over 20 communications where Defendants attempted to coerce waivers referencing the minor.

9. **Cease and Desist Violations and Attorney Misconduct**

Jonathan Sweet received two cease and desist letters in 2023 and 2025, demanding that he stop referencing K.F. in pleadings and court proceedings. Despite this, he mocked the demand in open court and continued to use the child's injuries as a weapon against parties attempting to resist eviction or seek accommodations. Sweet is currently under investigation by the Massachusetts Board of Bar Overseers for related conduct.

10.    **Insurance Non-Disclosure and Rule 26 Violations**

For over four years, no insurance disclosures were made in the construction defect litigation (Callahan case) or the putative class litigation, in direct violation of **Fed. R. Civ. P. 26(a)(1)(A) (iv)**. Defendants have refused to identify relevant **Insurance** policies despite requests, impairing K.F.'s access to fair recovery and informed litigation.

11.    **Cube 3 Opposition to Intervention in Construction Case**

In July 2025, Cube 3 Studio filed formal opposition to K.F.'s intervention in the Massachusetts Superior Court construction case (C.A. No. 2182CV01044), citing the six-year statute of repose under **G.L. c. 260, § 2B**. These filings sought to extinguish K.F.'s claims despite the child's injuries arising from mold exposure first discovered in March 2023, and continuing through October 2024 — well within the applicable legal window.

The mold conditions at issue did not stem from construction completed more than six years earlier, but rather from failed and incomplete remediation efforts that began in 2021 by Callahan and then in 2023 by Marina Bay Residencies, LLC which caused leaks and were never successfully resolved specifically the mold issues. Under Massachusetts law, the statute of repose does not apply where construction or repairs remain incomplete, or where new remediation triggers a separate repose period.

Cube 3's attempt to bar K.F.'s claims on repose grounds reflects a misapplication of **G.L. c. 260, § 2B** and a coordinated litigation strategy to procedurally erase a minor's valid and timely claims, despite ongoing injury and unresolved health hazards.

12.    **Docket Suppression and Federal Access Denial**

14

K.F.'s filings in all three related dockets—class, severed, and construction—have been either ignored, blocked from docketing, or outright denied. The child's name remains in pleadings, but his guardian's filings are not recognized. This has denied him access to due process and all meaningful remedy in state court, compelling this federal action.

## SECTION I: FEDERAL CONSTITUTIONAL AND CIVIL RIGHTS CLAIMS
### *(42 U.S.C. §§ 1983, 1985; U.S. Constitution; Rule 17(c); Due Process Clause)*

## COUNT I: Denial of Procedural Protections Under Rule 17(c) and the Fourteenth Amendment

**(Against Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay Residences and their attorneys,  Bozzuto Management Company and their attorneys, Hines Corp)**

1.    Plaintiff re-alleges and incorporates by reference all prior paragraphs.

2.    This claim is brought on behalf of minor K.F., through his guardian Sandra Fernández, under **Fed. R. Civ. P. 17(c)** and the Due Process Clause of the **Fourteenth Amendment**.

3.    Defendants knowingly failed to provide appropriate procedural safeguards to protect the interests of minor K.F., despite his documented injuries and pro se representation by his mother.

4.    Jonathan Sweet, having previously represented K.F. and his household, actively opposed procedural protections, including intervention and the appointment of a guardian ad litem.

5.    Marina Bay, Bozzuto, and their attorneys (Carter, Sapire, Aujla, Dain, Bragdon, Kannan, Papadopoulos) filed motions and oppositions that disregarded K.F.'s minority status, sought dismissal of his filings without hearing, and denied procedural access required by **Rule 17(c)**.

6.    These actions deprived K.F. of meaningful opportunity to be heard, procedural accommodation, and access to redress for harm suffered due to Defendants' conduct.

7.    Defendants acted under color of law in conjunction with Massachusetts court personnel to suppress filings, misrepresent legal status, and avoid triggering court protections.

**WHEREFORE, Plaintiff seeks:**

•    Declaratory relief acknowledging the violation of **Rule 17(c)** and constitutional due process;

•    Immediate appointment of a guardian ad litem where required;

•    Compensatory and punitive damages;

•    Equitable relief to restore K.F.'s access to court;

•    Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988** and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

•    Such further relief as this Court deems just and proper.

**COUNT II: Violation of Procedural and Substantive Due Process**

**(Against Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay Defendants, Bozzuto Management Company, Hines Corp, and and their attorneys)**

1.    Plaintiff re-alleges and incorporates all prior paragraphs.

2.    Under **42 U.S.C. § 1983** and the **Fourteenth Amendment**, K.F. has a protected interest in accessing the courts, preserving legal claims, and obtaining redress for physical and civil harms.

3.    Defendants, acting individually and in concert, deliberately:

- Opposed emergency motions and procedural filings,

- Misrepresented the procedural posture of cases,

- Severed K.F. and his household to deny class and individual participation,

- Falsely claimed filings had been made to preclude relief.

4.    These acts constituted a strategic denial of due process through misrepresentation, suppression, and coercive litigation behavior.

**WHEREFORE, Plaintiff seeks:**

- Declaratory judgment recognizing due process violations;

- Injunctive relief prohibiting further suppression;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988** and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

## COUNT III: Civil Rights Conspiracy Under 42 U.S.C. § 1985(2)-(3)

**(Against Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay Defendants, Bozzuto, Hines corp, and their attorneys)**

1.    Plaintiff re-alleges and incorporates all prior paragraphs.

2.   Defendants conspired to prevent Plaintiff and minor K.F. from asserting legal rights by suppressing filings, manipulating court procedure, and engaging in a pattern of harassment and false statements.

3.   Their concerted efforts included:

- Procedural severance without consent;

- Blocking intervention by K.F.'s guardian;

- Filing oppositions grounded in misrepresentations;

- Threatening default and waiver of rights;

- Publicly discrediting filings and fabricating procedural bars.

4.   The purpose and effect of this conspiracy was to deter protected activity and deprive K.F. of equal protection and access to the courts.

**WHEREFORE, Plaintiff demands:**

- Declaratory judgment as to the existence of a conspiracy;

- Compensatory and punitive damages;

- Equitable relief restoring access to judicial review;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988** and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.


**COUNT IV: Retaliation in Violation of the First and Fourteenth Amendments (42 U.S.C. § 1983)**

**(Against Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay**

**Residences, Bozzuto, Legal Counsel, and Court Officials Acting Jointly)**

1.   Plaintiff re-alleges and incorporates all prior paragraphs.

2.   Plaintiff Sandra Fernández engaged in protected activity by filing complaints,

motions, and class claims on behalf of K.F.

3.   In retaliation, Defendants:

• Filed false oppositions mischaracterizing her filings;

• Sought pre-filing injunctions to silence future filings;

• Misused protective orders to intimidate and silence;

• Targeted Plaintiff and her son's apartment for hazardous conditions;

• Leveraged false claims of duplication or harassment to obstruct relief.

4.   These acts chilled Plaintiff's speech and obstructed access to legal remedy for a minor

plaintiff with disabilities.

**WHEREFORE, Plaintiff seeks:**

• Declaratory relief that retaliation occurred;

• Compensatory damages for emotional distress, injury, and loss of rights;

• Punitive damages;

• Equitable protections against further retaliation;

• Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

• Such further relief as this Court deems just and proper.

**COUNT V: Deprivation of Rights Under Color of State Law – Joint Action Doctrine (42 U.S.C. § 1983)**

**(Against Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay Defendants, Bozzuto, attorneys and Clerk and Judicial Officers)**

1.  Plaintiff re-alleges and incorporates all prior paragraphs.

2.  Jonathan Sweet and Marina Bay's legal counsel acted in concert with court officials to:

    •   Delay or reject docketing of emergency and intervention motions;

    •   Assign favorable judges and suppress hearings;

    •   Prevent service or issuance of protective orders;

    •   Engage in a pattern of procedural entrapment against a pro se litigant.

3.   These actions constitute joint action under color of state law in violation of constitutional rights and civil statutes.

   **WHEREFORE, Plaintiff requests:**

    •   Declaratory judgment against all joint actors;

    •   Compensatory and punitive damages;

    •   Referral for investigation of judicial misconduct;

    •   All other appropriate relief.

**SECTION II: FAIR HOUSING ACT AND DISABILITY RIGHTS CLAIMS**
**(42 U.S.C. §§ 3601–3619; 42 U.S.C. § 12101 et seq.; G.L. c. 151B preserved by reference)**

**COUNT VI: Disability Discrimination and Failure to Accommodate Under the Fair Housing Act**

**(Against Marina Bay Residences, LLC ; Bozzuto Management Company and their attorneys; Hines; Delaney Barrett and their attorneys)**

1.  Plaintiff re-alleges and incorporates all preceding paragraphs.

2.  Minor Plaintiff K.F. is a child with qualifying disabilities under the **Fair Housing Act (FHA)**, including but not limited to respiratory vulnerabilities exacerbated by mold, construction dust, and environmental conditions.

3.  Marina Bay Residences, Bozzuto, and Hines, as housing providers, had actual knowledge of K.F.'s disability and of repeated requests for reasonable accommodation by his guardian, Sandra Fernández.

4.  Rather than accommodate, Defendants:

•   Conducted hazardous remediation and renovations directly adjacent to K.F.'s apartment;

•   Refused to relocate the family temporarily or alter construction timing;

•   Ignored written and oral notices of medical vulnerability;

•   Attempted to coerce silence through lease manipulation and procedural pressure.

5.  These actions constitute discrimination under **42 U.S.C. § 3604(f)(2)** and a failure to accommodate under **§ 3604(f)(3)(B)**.

**WHEREFORE, Plaintiff seeks:**

•   A declaratory judgment recognizing FHA violations;

•   Injunctive relief ensuring accommodation and relocation as needed;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

### COUNT VII: Retaliation for Protected Activity Under the Fair Housing Act

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; and their attorneys Hines; and Legal Counsel Daniel Dain, Kate Moran Carter, Greg Sapire and Raj Aujla)**

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Plaintiff engaged in protected activity under the **FHA**, including:

- Complaining about health hazards;

- Seeking accommodation;

- Filing claims and preservation notices;

- Seeking protective orders and emergency relief for the minor child.

3. In response, Defendants retaliated by:

- Issuing a lease non-renewal notice timed to coincide with litigation activity;

- Denying maintenance and repairs in an active health hazard zone;

- Filing oppositions characterizing Plaintiff's advocacy as harassment;

- Publishing K.F.'s identity in court records and resisting protective orders.

4. This retaliation violates **42 U.S.C. § 3617**, which prohibits coercion, intimidation, threats, or interference with a person exercising **FHA** rights.

**WHEREFORE, Plaintiff requests:**

- A declaratory finding of unlawful retaliation;

- Injunctive relief protecting continued tenancy and filings;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

**COUNT VIII: Constructive Eviction and Disability-Based Housing Discrimination**

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines)**

1.  Plaintiff re-alleges all preceding facts.

2.  Defendants intentionally exposed K.F. to environmental risks, including:

- Mold remediation without isolation;

- Construction noise and particulate matter;

- Refusal to relocate despite known medical harm;

- Coercive lease modifications that concealed hazards.

3.  These conditions rendered the apartment uninhabitable for a disabled child and his guardian.

4.  Defendants acted with knowledge and intent, retaliating against efforts to enforce rights.

5.  The result was a de facto eviction in violation of civil rights and housing laws.

**WHEREFORE, Plaintiff demands:**

23

- Damages for constructive eviction;

- Reimbursement for alternative housing and health costs;

- Injunctive relief restoring safe housing and halting retaliation;

- Punitive damages and further relief as deemed proper.


**COUNT IX: Interference, Coercion, and Intimidation in Violation of FHA and ADA**

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Attorneys Daniel Dain Kate Carter, Ted Papadopoulos and AMPS Law, Greg Sapire, Raj Aujla and Maynard Nexen)**

1. Plaintiff re-alleges and incorporates all prior counts.

2. Defendants willfully interfered with the exercise of housing and disability rights by:

- Requiring lease renewals with embedded waivers;

- Publicly exposing K.F.'s private health conditions;

- Denying accommodation while threatening non-renewal;

- Coordinating legal filings to intimidate and obstruct redress.

3. These actions constitute:

- Interference under **42 U.S.C. § 3617;**

- Retaliation under the **FHA** and **the Americans with Disabilities Act (ADA)**;

- Coercion in violation of public policy and protected rights.

**WHEREFORE, Plaintiff demands:**

- A permanent injunction against interference with disability accommodations;

- Declaratory judgment of rights under the **FHA** and **ADA**;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.


### SECTION III: PROCEDURAL ABUSE, FRAUD ON THE COURT, AND OBSTRUCTION OF JUSTICE
*(42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 1503, 1512; Federal Rules of Civil Procedure; Judicial Conduct and Ethics)*
### COUNT X: Fraud on the Court and Obstruction of Justice

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Ted Papadopoulos, Kate Moran Carter, Daniel P. Dain, Gregory Sapire, and Raj Aujla)**

1. Plaintiff re-alleges and incorporates all prior paragraphs.

2. Defendants jointly and repeatedly misrepresented critical facts to the Massachusetts courts, including:

- Misstating the procedural legitimacy of filings on behalf of minor K.F.;

- Failing to disclose that motions and notices submitted by Plaintiff were improperly withheld from the docket;

- Mischaracterizing the existence of a certified class, when none had been certified;

- Denying Plaintiff's standing despite actual legal interest and parental status.

3. These acts were calculated to mislead the judiciary, suppress review, and obstruct federal jurisdiction.

4. Such conduct constitutes fraud on the court and obstruction of justice, violating:

- **18 U.S.C. § 1503** (obstruction of proceedings);

- **18 U.S.C. § 1512** (witness tampering and retaliatory intimidation);

- Common law doctrines barring manipulation of judicial process.

5.  Plaintiff and K.F. have suffered irreparable harm as a result, including:

- Deprivation of procedural protections;

- Impaired federal access;

- Injury to reputation and rights.

**WHEREFORE, Plaintiff demands:**

- Declaratory judgment recognizing fraud and obstruction;

- Sanctions against attorneys under **Rule 11** and **28 U.S.C. § 1927**;

- Compensatory and punitive damages;

- Referral to state bar disciplinary authorities;

- Any other relief deemed appropriate by the Court.


**COUNT XI: Retaliation and Suppression of Federal Rights Under Color of State Law**

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Carter,**

**Dain, Sapire, and Aujla, Papadopoulos, Bragdon and Kannan )**

1.  Plaintiff re-alleges and incorporates all prior allegations.

2.  Plaintiff exercised constitutional and statutory rights by:

- Filing motions to protect the rights of her minor son;

- Seeking redress for discrimination, unsafe conditions, and housing misconduct;

- Engaging in federal preservation activity.

3.  In response, Defendants:

- Characterized her filings as "vexatious" without merit;

- Blocked her procedural access in multiple dockets;

- Opposed protective orders for a child's identity;

- Filed opposition briefs requesting her total silencing;

- Threatened retaliation via discovery and settlement positions.

4.    These acts constitute retaliation under the **First Amendment** and procedural suppression under color of state law, in violation of:

- **42 U.S.C. § 1983**;

- The **Fourteenth Amendment's** Due Process Clause;

- The **First Amendment's** Petition and Free Speech Clauses.

**WHEREFORE, Plaintiff seeks:**

- Injunctive relief preventing further retaliation;

- Declaratory judgment upholding Plaintiff's protected rights;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988** and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

## COUNT XII: Procedural Fraud and Deprivation of Due Process Rights of a Minor

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Carter, Dain, Sapire, Aujla, Bragdon, Kannan and Papadopoulos)**

1.    Plaintiff re-alleges and incorporates all prior allegations.

2.    Defendants deliberately used procedural devices to deprive minor K.F. of meaningful participation in litigation, including:

- Misrepresenting the status of filings;

- Blocking his guardian from intervening;

- Severing cases strategically to isolate claims;

- Refusing to acknowledge procedural barriers caused by court staff.

3.    These tactics created an illusion that K.F.'s claims were heard and dismissed, when in fact they were never docketed or reviewed.

4.    The effect was a total denial of due process in matters involving his housing, health, and legal interests.

5.    This conduct violates:

- The Due Process Clause of the **Fourteenth Amendment**;

- **Rule 17(c)** of the **Federal Rules of Civil Procedure**;

- Public policy protecting vulnerable litigants.

**WHEREFORE, Plaintiff requests:**

- Declaratory judgment that procedural due process was denied;

- Appointment of counsel under **Rule 17(c)**;

- Compensatory and punitive damages;

- Equitable oversight or referral to a special master.

## **COUNT XIII: Civil Conspiracy to Deprive Federal Rights of a Minor**

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Carter,**

**Dain, Sapire, and Aujla, Bragdon, Kannan and Papadopoulos)**

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Defendants and their attorneys acted jointly and in concert to:

- Suppress KF's procedural access;

- Publish his identity without consent;

- Misrepresent the procedural record;

- Intentionally delay or misstate federal filing status;

- Request preemptive gag orders against a pro se guardian.

3. These coordinated actions were not isolated litigation positions but evidence of a

shared scheme to chill federal rights.

4. This constitutes civil conspiracy under:

- **42 U.S.C. § 1983;**

- **Massachusetts common law;**

- **42 U.S.C. § 1985(2) and (3).**

**WHEREFORE, Plaintiff seeks:**

- Declaratory relief;

- Compensatory and punitive damages;

- Joint and several liability for all co-conspirators;

- Referral to disciplinary and investigatory authorities.

**COUNT XIV: Retaliation and Chilling of Protected Activity in Violation of the First Amendment**

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Carter, Dain, Sapire, and Aujla, Bragdon, Kannan and Papadopoulos )**

1.  Plaintiff re-alleges and incorporates all prior allegations.

2.  Plaintiff's protected activity included:

- Filing for emergency relief;

- Seeking protective orders;

- Attempting to preserve housing rights;

- Communicating with **HUD**, the courts, and potential class counsel.

3.  In retaliation, Defendants:

- Sought blanket bans on her ability to file;

- Published inflammatory opposition filings;

- Reframed her parenting as litigation abuse;

- Sought dismissal based on pro se status alone.

4.  These acts were intended to chill her **First Amendment** activity and obstruct her role as a legal guardian.

5.  Retaliation against court access violates:

- **42 U.S.C. § 1983**;

- The Petition Clause of the **First Amendment**.

**WHEREFORE, Plaintiff seeks:**

- Injunctive and declaratory relief protecting Plaintiff's and KF's access to court;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.


## SECTION IV: PERSONAL INJURY, EMOTIONAL DISTRESS, AND COMMON LAW TORTS
### *(Fair Housing Act; ADA; Massachusetts common law; constitutional rights)*

### COUNT XV: Negligence – Personal Injury to Minor K.F.

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction; Cube3 Studio)**

1.    Plaintiff re-alleges and incorporates all prior paragraphs.

2.    Defendants knew or should have known of hazardous environmental conditions in the residential unit occupied by minor Plaintiff K.F., including mold, poor ventilation, and unsealed construction zones exposing residents to particulate matter and toxins.

3.    Despite multiple written and oral complaints, Defendants failed to remediate the hazards or offer safe relocation accommodations during dangerous construction and mold remediation.

4.    Defendants' failure to act with reasonable care directly caused physical illness, respiratory issues, anxiety, and emotional trauma to K.F.

5.    As landlords, developers, property managers, and construction contractors, Defendants owed Plaintiff a duty of care to maintain habitable, safe premises, and breached that duty repeatedly.

31

**WHEREFORE, Plaintiff demands:**

- Compensatory damages for physical and emotional harm;

- Declaratory judgment that Defendants breached duties of care;

- Costs and interest;

- Any other relief the Court deems just and proper.

## COUNT XVI: Intentional Infliction of Emotional Distress

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Beth Materna, Attorneys Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Daniel Dain, Ted Papadopoulos, Gregory Sapire, Raj Aujla, James Bragdon and Sangeetha Kannan)**

1. Plaintiff re-alleges and incorporates all prior paragraphs.

2. Defendants engaged in outrageous and malicious conduct, including:

- Targeted harassment of the minor's legal guardian;

- Public opposition to protective orders for a child;

- Filing false or misleading documents to obstruct relief;

- Refusing reasonable accommodation requests;

- Using legal filings to intimidate and discredit the family.

3. These actions were extreme, outrageous, and designed to cause severe emotional distress to both the child and his guardian.

4. As a result, Plaintiff K.F. has suffered sleep disruption, anxiety, panic, and fear, and Sandra Fernández has suffered substantial mental anguish, physical symptoms, and lasting emotional harm.

**WHEREFORE, Plaintiff seeks:**

- Compensatory and punitive damages;

- Declaratory relief acknowledging abuse of legal process;

- Costs and further appropriate relief.

## COUNT XVII: Negligent Infliction of Emotional Distress

### (Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction; Cube3 Studio)

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Defendants' negligent conduct—failing to provide safe housing, exposing the minor to toxic mold and unsafe air, failing to act on medical documentation of the child's vulnerability— was foreseeably likely to cause emotional distress.

3. Plaintiff's guardian repeatedly warned Defendants about K.F.'s physical symptoms, yet they persisted in exposing the child to unsafe living conditions.

4. Defendants' actions caused serious and medically significant emotional harm to both K.F. and his guardian.

**WHEREFORE, Plaintiff requests:**

- Compensatory damages for mental and emotional harm;

- Costs and interest;

- Any further relief deemed just and proper.

## COUNT XVIII: Unjust Enrichment

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines)**

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Defendants knowingly collected rent from the legal guardian of K.F. during periods of unsafe and uninhabitable conditions, in breach of implied warranties and state law protections.

3. They further leveraged lease terms to suppress litigation rights, while withholding necessary safety accommodations and misrepresenting the habitability of the unit.

4. Plaintiff was deprived of the benefit of a habitable residence and paid for services and conditions that placed her child at risk.

5. Defendants were unjustly enriched by retaining rent payments under false pretenses while violating lease, housing, and public health obligations.

**WHEREFORE, Plaintiff demands:**

- Restitution and disgorgement of ill-gotten rent and related fees;

- Declaratory judgment of breach and wrongdoing;

- Costs and interest;

- Additional relief as the Court deems fair and proper.

## COUNT XIX: Abuse of Process

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Beth Materna, Jonathan Sweet; Kenneth Quat, Patrick Nelligan, Attorneys Carter, Dain, Sapire, and Aujla)**

1. Plaintiff re-alleges and incorporates all prior allegations.

34

2.    Defendants misused judicial procedures for purposes unrelated to legitimate resolution, including:

- Filing oppositions not to respond to motions, but to silence Plaintiff;

- Seeking gag orders and sanctions to suppress litigation activity;

- Mischaracterizing filings as abusive to discredit factual submissions;

- Strategically severing cases to block judicial review.

3.    These acts constituted abuse of the legal system and weaponization of judicial authority to chill protected advocacy, obstruct claims, and inflict harm on vulnerable parties.

4.    The abuse of process directly harmed Plaintiff and her son by distorting the adjudicative process and enabling prolonged exposure to unlawful conditions.

**WHEREFORE, Plaintiff seeks:**

- Compensatory and punitive damages;

- Injunctive relief prohibiting further procedural abuse;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 1988**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.


## SECTION V: DISABILITY DISCRIMINATION, RETALIATION, AND FAIR HOUSING ACT VIOLATIONS
*(Fair Housing Act, 42 U.S.C. §§ 3601–3619; ADA Title II & III; Section 504 of the Rehabilitation Act; G.L. c. 151B (reserved))*


## COUNT XX: Failure to Accommodate Disability and Denial of Equal Access to Safe Housing

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines Interests Limited Partnership)**

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Minor plaintiff K.F. is an individual with a known disability affecting respiratory, neurological, and immune function, supported by medical documentation provided to Defendants.

3. Defendants were repeatedly notified of the need for reasonable accommodations, including safe air quality, relocation during remediation, and urgent repair of water damage and mold.

4. Despite this notice, Defendants:

- Delayed or refused remediation;

- Performed hazardous construction during active occupancy;

- Failed to relocate or protect the minor during mold remediation;

- Retaliated against Plaintiff for requesting accommodations.

5. These acts constitute violations of:

- **Fair Housing Act, 42 U.S.C. § 3604(f)(2), (f)(3)(B);**

- **Americans with Disabilities Act, Title III;**

6. As a direct and proximate result, K.F. suffered injury, prolonged exposure to toxic conditions, emotional distress, and denial of safe housing.

**WHEREFORE, Plaintiff seeks:**

- Compensatory and punitive damages;

- Declaratory relief recognizing violations of disability law;

36

- Injunctive relief requiring compliance and accommodation;

- • Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 3613** and **ADA;** reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

## <u>COUNT XXI: Retaliation for Protected Activity in Violation of the Fair Housing Act</u>

### (Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction)

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Plaintiff engaged in protected activity under **42 U.S.C. § 3617** by:

- Requesting accommodations;

- Reporting unsafe conditions;

- Filing complaints and preservation notices;

- Seeking judicial protection for a disabled minor.

3. In direct response, Defendants engaged in a pattern of retaliation, including:

- Initiating eviction threats and lease non-renewal;

- Refusing to address housing defects;

- Publicly opposing protective orders for K.F.;

- Mischaracterizing legal filings and delaying repairs.

4. Defendants' actions were intended to intimidate, coerce, and chill the Plaintiff's lawful assertion of rights under the **FHA**.

5. These acts violated **42 U.S.C. § 3617** and related federal civil rights protections.

**WHEREFORE, Plaintiff seeks:**

- Injunctive and declaratory relief;

- Compensatory and punitive damages;

- Reasonable litigation costs and out-of-pocket expenses pursuant to **42 U.S.C. § 3613**

and applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.

<u>**COUNT XXII: Interference and Coercion Against Exercise of Fair Housing Rights**</u>

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys**

**Kate Moran Carter and Daniel Dain and all their other attorneys)**

1.   Plaintiff re-alleges and incorporates all prior allegations.

2.   Plaintiff was exercising rights guaranteed by the **Fair Housing Act** by asserting K.F.'s

need for reasonable accommodation, safe housing, and judicial protection.

3.   Defendants interfered with these rights by:

- Misusing legal process to prevent further filings;

- Falsely characterizing Plaintiff's efforts as improper or abusive;

- Submitting oppositions with misleading and prejudicial content;

- Threatening retaliatory litigation if Plaintiff continued to advocate.

4.   These acts constitute unlawful interference and coercion under the **Fair Housing Act**

and demonstrate bad faith use of litigation to suppress federally protected activity.

**WHEREFORE, Plaintiff demands:**

- Injunctive relief barring further coercive conduct;

- Compensatory and punitive damages;

- Declaratory relief confirming rights under the **FHA**;

- Reasonable litigation costs and out-of-pocket expenses pursuant to applicable law, reserving the right to seek attorney's fees upon retention of counsel.

- Such further relief as this Court deems just and proper.


## COUNT XXV: FRAUD ON THE COURT AND JUDICIAL DECEPTION INVOLVING PROCEDURAL SUPPRESSION

**(Against: Beth Materna, Jonathan Sweet, Esq.; Kenneth Quat, Patrick Nelligan, Marina Bay Residences, LLC; Bozzuto Management Company and their attorneys; Attorneys Gregory Sapire, Raj Aujla, Kate Moran Carter)**

1. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

2. This count is brought for fraud on the court under federal law and Massachusetts law, based on deliberate misrepresentations and coordinated deception by officers of the court aimed at suppressing the rights of minor plaintiff K.F.

3. The fraud included coordinated communications, omissions, and assertions made directly to the court in bad faith, resulting in judicial orders premised on materially false information.

4. These acts constitute a willful fraud on the court, undermining its integrity and obstructing justice.

5. Plaintiff, on behalf of minor K.F., suffered deprivation of access to justice, risk of claim waiver, and exposure to further retaliation.

**WHEREFORE, Plaintiff respectfully requests:**

a. A declaration that fraud on the court occurred;

b. An order vacating any orders procured through fraud or misrepresentation;

c. Equitable and injunctive relief restoring K.F.'s standing and rights in state and federal litigation;

d. Compensatory and punitive damages;

e. Any further relief the Court deems just and proper.

## COUNT XXVI: ABUSE OF PROCESS AND RETALIATORY LITIGATION CONDUCT

### (Against: Marina Bay Residences, LLC; Bozzuto Management Company; and their Attorneys, Jonathan Sweet, Esq. Beth Materna, Kenneth Quat, Patrick Nelligan,)

1. Plaintiff re-alleges and incorporates all prior paragraphs.

2. This count arises under Massachusetts common law for abuse of civil process and its use for ulterior motives.

3. Defendants used legal mechanisms—including severance, opposition filings, and suppression of docketed documents—not to resolve legitimate disputes but to:

a. Block minor K.F. from intervention;

b. Retaliate against his guardian Sandra Fernández;

c. Avoid **insurance** exposure by procedurally eliminating high-liability plaintiffs.

4. Jonathan Sweet and Kenneth Quat having been the former attorney for the child and his guardian, filed oppositions to their intervention and failed to advise courts or parties of known conflicts.

5.    The purpose of the procedural steps taken was not resolution on the merits but the extinguishment of claims by exploiting procedural gatekeeping.

6.    The abuse caused injury including loss of remedies, suppression of discovery, and significant emotional distress.

**WHEREFORE, Plaintiff seeks:**

a. Compensatory damages;

b. Punitive damages;

c. Injunctive relief barring continued abuse of process;

d. All other appropriate relief.


## COUNT XXVII: INTENTIONAL MISREPRESENTATION TO SUPPRESS MINOR CLAIMS

**(Against: Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Gregory Sapire, Raj Aujla, and other Marina Bay legal counsel)**

1.    Plaintiff re-alleges and incorporates all prior paragraphs.

2.    Defendants, including Jonathan Sweet and attorneys representing Marina Bay, made knowing misstatements to courts and opposing parties concerning:

a. The procedural status of minor K.F.;

b. The authorization of amended pleadings inserting K.F. without guardian consent.

3.    These statements were false when made and were made with intent to suppress litigation by the minor and silence his guardian.

41

4. Plaintiff and minor K.F. justifiably relied on these misrepresentations and suffered harm including delay, procedural exclusion, and retaliation.

5. These actions meet all elements of intentional misrepresentation under Massachusetts law and federal common law tort.

**WHEREFORE, Plaintiff demands:**

a. Compensatory and punitive damages;

b. A declaratory finding of intentional misrepresentation;

c. Any further relief the Court deems just.


## COUNT XXVIII: COORDINATED PROCEDURAL OBSTRUCTION TO EVADE FEDERAL REVIEW

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys Sapire, Carter, Aujla, Dain, Bragdon, Kannan and Papadopoulos)**

1. Plaintiff re-alleges and incorporates all prior paragraphs.

2. Defendants undertook a systematic campaign to delay or prevent judicial review by:

a. Severing plaintiffs without notice;

b. Blocking docketing of motions;

c. Filing unauthorized or misleading oppositions;

d. Misusing procedural devices to create pretextual barriers to review.

3. These actions were taken with knowledge that Plaintiff was pro se and that minor K.F. required **Rule 17(c)** protections.

4.   Such obstruction denied constitutionally protected access to court and violated procedural due process.

**WHEREFORE, Plaintiff requests:**

a. Declaratory and injunctive relief;

b. Compensatory and punitive damages;

c. Sanctions and referrals to professional oversight bodies;

d. Further relief as justice requires.

## COUNT XXIX: SUPPRESSION OF EMERGENCY FILINGS AND MOTIONS FOR PROTECTIVE ORDERS

### (Against: Court personnel John/Jane Does; Marina Bay attorneys Sapire, Aujla; Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan)

1.   Plaintiff re-alleges and incorporates all prior paragraphs.

2.   Defendants engaged in a pattern of refusing or obstructing the docketing and judicial review of emergency motions—including motions for protective orders filed on behalf of minor K.F.

3.   Filings were properly submitted, **Rule 9A**-exempt, and identified as urgent or protective in nature.

4.   Suppression of these filings deprived K.F. of procedural rights and violated constitutional access protections.

5.   Defendants are jointly and severally liable for this systematic obstruction.

**WHEREFORE, Plaintiff demands:**

a. A finding of due process violation;

b. Damages and injunctive relief;

c. Referral for disciplinary investigation;

d. Any further equitable relief.

## COUNT XXX: PROCEDURAL RETALIATION AND FRAUD ON THE COURT TARGETING A MINOR'S RIGHTS

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Attorneys James Bragdon, Sangeetha Kannan, Ted Papadopoulos)**

1.    Plaintiff incorporates all prior allegations.

2.    On or about July 29, 2025, Defendants submitted a coordinated omnibus opposition in state court proceedings falsely asserting that:

a. The guardian's filings were unauthorized;

b. Emergency filings had been addressed or denied;

c. Plaintiff K.F. had no standing or valid claim.

3.    Defendants also mischaracterized the pro se filings of K.F.'s guardian as "procedural harassment," "futile," or "dangerous."

4.    These filings were submitted not only in bad faith but with the intent to preemptively eliminate K.F.'s claims from judicial review.

5.    The false filings constitute fraud on the court and retaliation for protected activity involving child welfare, privacy, and housing rights.

6.    Defendants' actions led directly to denial of protective orders, refusal to docket valid motions, and harm to K.F.'s legal standing.

**WHEREFORE, Plaintiff seeks:**

a. Declaratory and injunctive relief;

b. Damages for retaliation and fraud;

c. Restoration of suppressed motions and docketed filings;

d. Sanctions, costs, and further relief.


## COUNT XXXI: FRAUDULENT MISREPRESENTATION OF PARTY STATUS TO OBSTRUCT LITIGATION

**(Against: Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Marina Bay counsel, Court personnel John/Jane Does)**

1.    Plaintiff incorporates all prior allegations.

2.    Defendants knowingly misrepresented who was a party in the ongoing proceedings, stating that K.F. was not a proper plaintiff or had no standing.

3.    Meanwhile, they simultaneously used K.F.'s name and injuries to seek severance, settlement, or release of claims in amended pleadings.

4.    These contradictions were not innocent—they reflect intentional legal deception to confuse the court, mislead opposing parties, and chill guardian advocacy.

5.    This conduct deprived K.F. of core rights and has placed him at risk of permanent claim loss.

**WHEREFORE, Plaintiff requests:**

a. A declaration that party-status misrepresentation violated due process;

b. Monetary and injunctive relief;

c. Referral to judicial and bar disciplinary authorities.

## COUNT XXXII:FRAUD ON THE COURT VIA UNAUTHORIZED PLEADINGS AND PARTY SUBSTITUTION

**(Against: Beth Materna, Kenneth Quat, Patrick Nelligan, Jonathan Sweet; Attorneys Kate Moran Carter, Daniel Dain, Gregory Sapire, Raj Aujla, Bragdon and Kannan)**

1.  Plaintiff re-alleges and incorporates all prior paragraphs.

2.  On or about July 2025, Defendants filed amended pleadings that substituted or severed parties—including K.F.—without notice, consent, or valid order.

3.  Jonathan Sweet, Kenneth Quat while asserting they was discharged by the plaintiffs, nonetheless participated in filing oppositions and amendments directly affecting K.F., without lawful authority.

4.  These pleadings were presented to the court as valid procedural steps, but in reality served to block access and eliminate liability exposure.

5.  This constitutes fraud on the court.

6.  The injury includes procedural exclusion, risk of default, and obstruction of injury-related claims.

**WHEREFORE, Plaintiff seeks:**

a. Declaratory relief;

b. Equitable vacatur of any pleadings filed without valid authority;

c. Monetary damages and injunctive remedies.

## COUNT XXXIII: CIVIL CONSPIRACY TO SUPPRESS COURT ACCESS AND MINOR RIGHTS

**(Against: Marina Bay Residences, LLC, Bozzuto Management Company, Beth Materna, Jonathan Sweet, Kenneth Quat, Patrick Nelligan, Attorneys Gregory Sapire, Raj Aujla, Kate Carter, Ted Papadopoulos, and others)**

1. Plaintiff incorporates all prior allegations.

2. Defendants acted in concert to pursue a shared goal: suppression of legal claims by K.F. and his guardian through misrepresentation, obstruction, and abuse of court procedure.

3. This coordinated effort included:

a. Misrepresenting court filings;

b. Denying standing to the guardian;

c. Strategically severing parties;

d. Opposing emergency relief;

e. Using delay and false service claims to confuse deadlines.

4. This conspiracy injured K.F. by denying him protection, remedies, and procedural fairness.

5. The joint conduct violates **42 U.S.C. §§ 1983, 1985(2), and 1985(3), as well as Massachusetts civil conspiracy law**.

**WHEREFORE, Plaintiff seeks:**

a. Declaratory and injunctive relief;

b. Compensatory and punitive damages;

c. Attorneys' fees, if appointed;

47

d. Further relief as this Court deems just.

## COUNT XXXIV: ABUSE OF SEVERANCE PROCEDURE TO EVADE FEDERAL LIABILITY AND INSURANCE COVERAGE

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Beth Materna, Jonathan Sweet; Kenneth Quat, Patrick Nelligan, Attorneys Sapire, Carter, Dain, Bragdon, Kannan and Papadopoulos)**

1.  Plaintiff incorporates all prior paragraphs.

2.  Defendants misused the procedural vehicle of severance not to clarify litigation but to eliminate K.F.'s pending claims from view.

3.  Severance was used to:

a. Remove a plaintiff tied to serious physical and civil rights claims;

b. Separate injury claims to avoid triggering **Insurance** duties;

c. Prevent federal review by arguing that severed claims are unripe, duplicative, or procedurally barred.

4.  The court was misled as to the procedural and legal effects of the severance; no consent was given, and multiple filings excluded K.F. improperly.

5.  This strategy caused concrete harm to K.F., placing his rights at risk, excluding his filings, and creating confusion in both forums.

**WHEREFORE, Plaintiff demands:**

a. Judicial declaration that the severance was procedurally abusive and invalid as applied to K.F.;

48

b. An order voiding all improperly filed pleadings that rely on the severance;

c. Compensatory damages;

d. Further relief including preservation of federal claims and insurance rights.

## SECTION VII: TORT CLAIMS – PERSONAL INJURY, EMOTIONAL DISTRESS, NEGLIGENCE, AND PRIVACY HARMS
### *(Counts XXXV–XLII)*

## COUNT XXXV: NEGLIGENCE – PERSONAL INJURY TO MINOR PLAINTIFF K.F.

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction; Cube3; Delaney Barrett)**

1.  Plaintiff re-alleges and incorporates all prior allegations.

2.  Defendants collectively undertook and oversaw construction, maintenance, and operations at the property where K.F. resided.

3.  Defendants knew or should have known that their failure to remediate hazardous conditions—including mold, water intrusion, chemical exposure, and construction debris—posed a danger to a known minor resident with disabilities.

4.  Despite repeated notices and requests for reasonable accommodation, Defendants failed to relocate the family, remediate hazards safely, or provide warning.

5.  This gross negligence directly and proximately caused K.F. to suffer physical illness, respiratory harm, neurological symptoms, and exacerbation of existing medical vulnerabilities.

6.  Under Massachusetts common law and **G.L. c. 231 § 85**, Defendants owed a duty of care to foreseeable residents—especially disabled children—and breached that duty.

**WHEREFORE, Plaintiff seeks:**

a. Compensatory damages for personal injury;

b. Medical monitoring and related expenses;

c. Injunctive relief to prevent further harm;

d. Any other relief the Court deems just and proper.


## COUNT XXXVI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against: all defendants)

1.  Plaintiff incorporates all prior allegations.

2.  Defendants, with full knowledge of K.F.'s vulnerabilities and the guardian's pro se status, engaged in a pattern of conduct designed to intimidate, harass, and silence efforts to protect K.F.'s health, privacy, and rights.

3.  This included personal attacks in court filings, denial of procedural access, false claims about waiver and standing, and reckless endangerment through failure to mitigate hazardous conditions.

4.  The conduct was extreme, outrageous, and intended to inflict emotional trauma on both the child and his guardian.

5.  As a direct result, both K.F. and Sandra Fernández have suffered lasting emotional harm, distress, anxiety, and mental anguish.

**WHEREFORE, Plaintiff demands:**

a. Compensatory and punitive damages;

b. Injunctive relief against further retaliation or public disclosures;

c. Any further relief as justice may require.

## COUNT XXXVII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against: Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Jonathan Sweet, Kenneth Quat, Patrick Nelligan and all attorneys)

1.  Plaintiff incorporates all preceding allegations.

2.  Defendants' negligence in exposing K.F. to environmental hazards, while simultaneously attacking the guardian's efforts to seek relief, foreseeably caused substantial emotional harm.

3.  The guardian, Sandra Fernández, was forced to witness her child suffer from untreated symptoms while being denied access to procedural remedies.

4.  Defendants' actions fall below the reasonable standard of care owed to tenants, children, and disabled individuals under Massachusetts tort law.

5.  These acts caused real, demonstrable emotional distress with physical symptoms, documented impact, and enduring trauma.

**WHEREFORE, Plaintiff requests:**

a. Damages for emotional harm and distress;

b. Declaratory relief as appropriate;

c. Costs and all other appropriate relief.

## COUNT XXXVIII: INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS INVOLVING A MINOR

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; all attorneys)**

1.  Plaintiff re-alleges all prior allegations.

2.  Defendants publicly filed materials disclosing the full name, disability status, and private medical circumstances of K.F., a minor, in judicial records—without protective orders or redaction.

3.  Such disclosures occurred despite multiple motions seeking protection, and in defiance of Massachusetts privacy laws, federal disability law, and **Rule 17(c)**.

4.  These disclosures served no legitimate purpose and were done with intent to intimidate or deter further filings.

5.  The public exposure caused harm to the child's emotional well-being, safety, and long-term privacy interests.

**WHEREFORE, Plaintiff demands:**

a. Damages for privacy violations;

b. Injunctive relief requiring sealing of filings and redactions;

c. A finding that the disclosures violated **Massachusetts privacy statutes** (e.g., **G.L. c. 214 § 1B**) and **federal rights**.

## COUNT XXXIX: EXPLOITATION AND CONVERSION OF MINOR'S INJURY FOR IMPROPER LEGAL GAIN

**(Against: Jonathan Sweet; Keches Law Group; Marina Bay Residences, LLC)**

1.  Plaintiff incorporates all prior allegations.

52

2.    Attorney Sweet and others included K.F.'s injuries in pleadings and litigation narratives for purposes of negotiating or structuring settlement outcomes.

3.    These representations were made without legal authority, without appointment under **Rule 17(c)**, and without the consent or participation of the guardian.

4.    Sweet and the other Defendants used K.F.'s harm to inflate claims, pursue procedural leverage, and coerce waivers.

5.    This constitutes tortious conversion of a child's injury claims, a breach of fiduciary duty, and abuse of legal process.

**WHEREFORE, Plaintiff seeks:**

a. Restitution for unauthorized use of minor's claims;

b. Damages for tortious conversion and breach of duty;

c. Referral to disciplinary bodies and injunctive relief.

## COUNT XL: FAILURE TO PROTECT A VULNERABLE MINOR IN KNOWN DANGER

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction; Cube3)**

1.    Plaintiff incorporates all prior allegations.

2.    Defendants knew of serious, ongoing environmental hazards and of K.F.'s medical vulnerabilities.

3.    Despite this, they allowed construction to continue near or within the unit, denied requests for relocation, and ignored safety concerns.

4.   Defendants' failure to act constituted a breach of the duty of care owed under Massachusetts law, as well as the **federal Fair Housing Act (42 U.S.C. § 3604(f))**.

5.   The harm to K.F. includes both physical injury and heightened emotional and developmental harm due to prolonged, unmitigated exposure.

**WHEREFORE, Plaintiff requests:**

a. Declaratory judgment;

b. Compensatory and punitive damages;

c. An injunction requiring safety review and medical evaluation;

d. Any further relief as necessary.

## SECTION VIII: INSURANCE FRAUD, CONCEALMENT, AND REGULATORY CLAIMS
### (*Counts XLI–XLIII*)

### COUNT XLI: INSURANCE CONCEALMENT AND BAD FAITH

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Hines; Callahan Construction; Cube3)**

1.   Plaintiff re-alleges and incorporates all prior allegations.

2.   Defendants maintain one or more insurance policies covering the events, property, and liabilities relevant to this action, including general liability, premises liability, construction-related risks, and professional malpractice.

3.   Despite receiving written and oral notice of the injuries, discrimination, and procedural misconduct alleged herein, Defendants have knowingly failed to notify their insurers.

54

4.  This failure constitutes a breach of the contractual duty to provide timely notice under standard insurance provisions and a willful act of bad faith.

5.  Defendants' concealment of material facts from their insurers is a deliberate attempt to evade indemnification obligations, avoid insurer oversight, and shield themselves from financial accountability.

6.  This conduct prejudices Plaintiff and the minor by delaying any meaningful recovery, preventing coverage from applying, and ensuring that no independent investigation of wrongdoing by insurers can occur.

7.  The concealment also harms insurers and regulatory bodies by depriving them of timely access to claims that may trigger defense, indemnity, or coverage defenses.

8.  Under Massachusetts law, this constitutes bad faith and may trigger liability under the Massachusetts unfair claims settlement practices statute (**G.L. c. 176D**) and common law.

9.  To the extent that interstate or electronic communications were used to facilitate this concealment or to mislead federal or state courts, this conduct may also constitute predicate acts under **18 U.S.C. §§ 1341 and 1343** (mail and wire fraud).

**WHEREFORE, Plaintiff, on behalf of minor K.F., demands:**

a. Declaratory relief that Defendants have breached their insurance notice obligations;

b. An order compelling immediate disclosure to all relevant insurance carriers;

c. Compensatory and punitive damages for the resulting harm;

d. Injunctive relief prohibiting further concealment or obstruction;

e. Costs, and such other relief as the Court deems just and proper.

## COUNT XLII: FRAUDULENT CONCEALMENT OF INSURANCE COVERAGE TO OBSTRUCT LITIGATION

**(Against: Marina Bay Residences, LLC; Hines; Callahan Construction; Bozzuto Management Company; Attorneys Daniel Dain, Kate Moran Carter, Gregory Sapire, Raj Aujla)**

1. Plaintiff re-alleges all prior allegations.

2. Defendants, through both direct statements and omissions, have concealed the existence of applicable insurance policies from courts, opposing parties, and their own litigation opponents—including Sandra Fernández, K.F. (a minor) and other plaintiffs.

3. In discovery responses, court filings, and oral representations, Defendants failed to disclose coverage that is directly responsive to the nature of claims asserted in this litigation.

4. This concealment was done intentionally, with the goal of suppressing plaintiff rights, obstructing fair litigation, and avoiding triggering bad faith claims or regulatory scrutiny.

5. Defendant attorneys participated in and furthered this scheme by certifying filings and procedural positions that concealed material facts relating to liability and coverage.

6. The effect has been to mislead courts into denying emergency relief, to delay adjudication of claims involving an injured minor, and to frustrate the enforcement of consumer protections under Massachusetts law and federal civil rights law.

**WHEREFORE, Plaintiff requests:**

a. A declaratory judgment finding that Defendants engaged in insurance concealment and litigation fraud;

b. Sanctions, referral to the Office of the Attorney General and Department of Insurance;

c. Monetary damages for delay, obstruction, and litigation costs;

d. A permanent injunction against further concealment or non-disclosure in related litigation.

## COUNT XLIII: REQUEST FOR REFERRAL TO REGULATORY AND LAW ENFORCEMENT AUTHORITIES FOR INSURANCE FRAUD

**(Against: Marina Bay Residences, LLC; Hines; Callahan Construction; Bozzuto Management Company; Attorneys named above)**

1.    Plaintiff re-alleges and incorporates all previous paragraphs.

2.    Plaintiff respectfully requests that this Court refer the conduct of Defendants—including concealment of insurance claims, fraud on the court, and procedural retaliation—to the following entities:

a. U.S. Attorney for the District of Massachusetts;

b. Federal Bureau of Investigation (FBI);

c. U.S. Department of Housing and Urban Development (HUD);

d. Massachusetts Division of Insurance;

e. Massachusetts Attorney General's Office.

3.    The basis for referral includes:

a. Intentional concealment of material insurance obligations;

b. Obstruction of court access by a minor and his guardian;

c. Retaliatory filings and fraud on the court to suppress federal rights;

d. Potential violations of federal criminal statutes under **18 U.S.C. §§ 1341, 1343, and 1512** (obstruction and retaliation).

4.   These matters warrant independent investigation beyond the civil claims, and involve potential public harm, fiduciary misconduct, and criminally sanctionable acts.

**WHEREFORE, Plaintiff requests:**

a. Entry of a judicial recommendation or order for regulatory and prosecutorial review;

b. Injunctive relief preserving evidence and preventing document destruction;

c. Preservation of rights under **Rule 15(a)** for further amendment if criminal conduct is confirmed.

## SECTION IX: REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF; EQUITABLE OVERSIGHT
*(Counts XLIV–XLVI)*

## COUNT XLIV: PETITION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

**(Against: All Defendants)**

1.   Plaintiff re-alleges all prior allegations.

2.   An actual and substantial controversy exists between the Plaintiff (on behalf of minor K.F.) and Defendants concerning the rights and obligations at issue in this litigation, including:

a. The legality of procedural severance and substitution tactics used to suppress K.F.'s claims;

b. Whether Defendants' conduct constituted retaliation, fraud, abuse of process, or obstruction of federal rights;

c. Whether Plaintiff, as K.F.'s guardian, has standing to raise civil rights, disability, and housing claims under federal law.

3. Plaintiff seeks a judicial determination and declaration affirming:

a. The minor child K.F. possesses valid and enforceable federal claims, including under the **FHA, ADA,** and **42 U.S.C. §§ 1983** and **1985;**

b. That the guardian, Plaintiff Sandra Fernández, has standing to bring these claims and protect K.F.'s rights;

c. That severance, misrepresentation, and suppression of filings regarding a pro se guardian constitute procedural violations;

d. That ongoing retaliation or coercive settlement efforts that omit the minor are unlawful and unenforceable.

**WHEREFORE, Plaintiff respectfully requests:**

a. A declaratory judgment under **28 U.S.C. § 2201** as to the rights of Plaintiff and K.F.;

b. Costs and reasonable attorney's fees under **42 U.S.C. § 1988;**

c. Any further declaratory relief the Court deems just and proper.


## COUNT XLV: PETITION FOR EQUITABLE INJUNCTION AND MONITORING OF STATE COURT PROCEEDINGS AFFECTING A MINOR'S RIGHTS

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; All associated counsel and agents named in prior counts)**

1. Plaintiff re-alleges all prior paragraphs.

2.    Plaintiff brings this count seeking limited federal equitable oversight, not to re-litigate the entire state proceeding, but to preserve K.F.'s federal rights in the face of demonstrated procedural obstruction, identity misuse, and denial of access.

3.    Under **28 U.S.C. § 1651** and the equitable powers of the federal court, the Court may issue protective orders or narrow injunctive relief when:

a. A minor's civil rights are at risk;

b. Procedural irregularities in state court threaten to waive federal claims;

c. Parties engage in conduct designed to mislead, retaliate, or suppress filings relating to a vulnerable litigant.

4.    Plaintiff requests limited relief to ensure that:

a. No state proceeding involving K.F. may finalize rulings on housing, identity, or class certification without proper notice to Plaintiff and K.F.;

b. No further substitution or waiver of rights may occur without verified consent or guardian ad litem review;

c. A copy of all future state filings and decisions in related dockets be furnished to this Court under seal for review.

5.    This relief is narrowly tailored to protect K.F.'s rights and to avoid further injury in the face of ongoing litigation abuse.

**WHEREFORE, Plaintiff requests:**

a. Entry of an injunction preserving K.F.'s rights and halting improper procedural adjudication in state court;

b. Monitoring or submission of future state filings to this Court;

c. Referral to appropriate oversight bodies, including the Massachusetts Supreme Judicial

Court;

d. Any equitable relief necessary to preserve constitutional rights and prevent injustice.

## COUNT XLVI: PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM

## PURSUANT TO FED. R. CIV. P. 17(c)

### (Against All Defendants)

1.    Plaintiff re-alleges all prior paragraphs.

2.    Plaintiff respectfully requests that the Court consider appointing a guardian ad litem or

confirming the Plaintiff's standing as appropriate guardian under **Fed. R. Civ. P. 17(c)**, in light

of repeated procedural obstruction, fraud on the court, and conflicting representations concerning

the minor K.F.'s rights.

3.    **Rule 17(c)(2)** mandates that the Court must "appoint a guardian ad litem—or issue

another appropriate order—to protect a minor… who is unrepresented in an action."

4.    Here, K.F. is a minor with serious physical and civil rights injuries, and whose claims

have been actively suppressed, misrepresented, or fraudulently severed by adverse parties,

including former counsel.

5.    Plaintiff has acted in good faith as a pro se guardian and has consistently filed notices

of appearance, preservation, and emergency motions to protect her son's interests.

6.    The Defendants' repeated objections to this role—including in the July 29, 2025

omnibus opposition—demonstrate a strategy of litigation abuse, not a concern for legal

adequacy.

7.   To ensure the integrity of this proceeding and preserve due process, the appointment or formal recognition of a guardian ad litem (or the Plaintiff's confirmation as de facto **Rule 17(c)** representative) is necessary.

**WHEREFORE, Plaintiff requests:**

a. An order appointing a guardian ad litem or confirming Plaintiff as K.F.'s legal representative under **Rule 17(c)**;

b. That Defendants be enjoined from objecting to filings or procedural standing unless proper cause is shown;

c. That no waiver, dismissal, or settlement regarding K.F.'s claims be permitted without judicial oversight and guardian approval.


## COUNT XLI: INSURANCE CONCEALMENT AND BAD FAITH

**(Against: Marina Bay Residences, LLC; Bozzuto Management Company; Hines; and all their attorneys)**

1.   Plaintiff re-alleges and incorporates all prior paragraphs.

2.   This claim arises under federal equitable principles, Massachusetts common law, and **G.L. c. 176D and c. 175 § 112**, relating to **Insurance** disclosure and claims practices.

3.   Defendants Marina Bay, Bozzuto, and Hines had active liability insurance policies, as acknowledged in previous litigation and corporate records.

4.   Despite being placed on notice of injury, disability-related harm, procedural misconduct, and environmental hazard claims involving a minor, Defendants:

a. failed to notify insurers of known claims;

62

b. concealed the existence of litigation from their carriers;

c. mischaracterized filings to avoid triggering coverage;

d. deliberately severed and delayed claims to defeat coverage under occurrence-based policies.

5. Jonathan Sweet and Keches Law Group, while asserting they represented minor K.F., took no action to notify insurers and instead joined efforts to suppress claims from review.

6. Defendants' conduct constitutes insurance fraud, bad faith, and concealment, placing the Plaintiff at risk of uncompensated loss while allowing Defendants to benefit from contractual protection without complying with notice requirements.

7. These actions were undertaken with intent to suppress recovery, avoid regulatory scrutiny, and obstruct due process.

**WHEREFORE, Plaintiff requests:**

a. Declaratory relief holding that insurance coverage applies to Plaintiff's claims;

b. Injunctive relief requiring disclosure of all policies and timely notice to insurers;

c. Compensatory and punitive damages;

d. Referral to the Massachusetts Division of Insurance and Attorney General's Office;

e. Any further relief the Court deems just and proper.

## COUNT XLII: FRAUDULENT CONCEALMENT OF INSURANCE COVERAGE TO OBSTRUCT LITIGATION

**(Against: Marina Bay Residences, LLC; Hines; Bozzuto Management Company; Jonathan Sweet; Kenneth Quat, Patrick Nelligan, Attorneys Gregory Sapire, Raj Aujla, Kate Carter, and Daniel Dain)**

1.    Plaintiff re-alleges and incorporates all prior paragraphs.

2.    Defendants repeatedly denied the existence of applicable insurance coverage when asked by pro se Plaintiff and failed to produce policies or identify carriers despite court filings alleging serious injury and disability claims.

3.    Defendants knew or should have known that concealment of coverage would undermine Plaintiff's ability to:

a. properly serve all real parties in interest;

b. pursue settlement;

c. preserve subrogation and excess liability claims.

4.    Counsel for Marina Bay and Hines participated in this concealment by opposing discovery, misrepresenting the existence of policies, and failing to disclose insurer identities even after formal notice.

5.    These acts directly impeded litigation progress, denied Plaintiff access to necessary parties, and constitute actionable fraud and misconduct under Massachusetts law.

6.    The concealment materially prejudiced a minor's rights and violated obligations of candor, fair dealing, and insurance disclosure law.

**WHEREFORE, Plaintiff demands:**

a. Production of all policies, correspondence, and communications with insurers;

b. Declaratory and injunctive relief requiring immediate notice and inclusion of insurers;

c. Sanctions for misconduct and compensatory damages;

d. Referral to the Division of Insurance and Office of the Inspector General.

## COUNT XLIII: REQUEST FOR REFERRAL TO REGULATORY AND LAW ENFORCEMENT AUTHORITIES FOR INSURANCE FRAUD

**(Against: Marina Bay Residences, LLC; Hines; Bozzuto Management Company; Callahan Construction; Cube3; Jonathan Sweet; Patrick Nelligan Keches Law Group and Kenneth Quat, Quat Law)**

1. Plaintiff incorporates all prior allegations.

2. The conduct described in prior counts—including willful concealment of claims, fraudulent joinder and severance, procedural suppression, and misuse of settlement language—demonstrates a coordinated scheme to defraud insurance carriers, evade liability, and avoid regulatory oversight.

3. These acts constitute potential violations of:

• Massachusetts insurance fraud laws **(G.L. c. 266 § 111A)**;

• Wire and mail fraud statutes **(18 U.S.C. §§ 1341, 1343)**;

• False statement laws under federal and state jurisdiction **(18 U.S.C. § 1001, G.L. c. 175 § 112)**.

4. Defendants acted with deliberate intent to suppress notice to carriers and secure settlement or dismissal before policies could be triggered, risking uninsured harm to a vulnerable child.

5. Public interest demands oversight and accountability for this conduct, which extends beyond private harm and affects systemic integrity.

**WHEREFORE, Plaintiff respectfully requests:**

a. Formal referral of this matter to the **U.S. Attorney's Office, Massachusetts Attorney General, HUD OIG, and the Division of Insurance Fraud Bureau**;

b. Judicial notice and preservation of all evidence relevant to insurer fraud and concealment;

c. Any further action the Court deems necessary to safeguard regulatory integrity and ensure justice.


## COUNT XLIV: PETITION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

### (Against: All Defendants)

1. Plaintiff re-alleges and incorporates all prior allegations.

2. An actual controversy exists regarding the legal status, rights, and obligations of the parties concerning:

a. Procedural access and due process rights of minor plaintiff K.F.;

b. Whether the minor's claims were validly severed or dismissed;

c. Whether protective orders and accommodations were unlawfully denied;

d. The applicability of federal jurisdiction over discrimination, housing, and civil rights claims;

e. Whether litigation tactics violated constitutional, statutory, or ethical obligations.

3. Declaratory relief is necessary to clarify:

- That K.F. maintains valid and viable claims before this Court;

- That filings submitted on his behalf may not be suppressed for procedural reasons alone;

- That the severance of related cases was ineffective to strip jurisdiction or terminate rights;

- That Plaintiff's efforts to advocate on behalf of her son were lawful and protected.

4. Plaintiff seeks a declaration that the procedural posture of related state matters does not preclude the exercise of federal jurisdiction and that the constitutional and statutory rights of the minor remain intact.

**WHEREFORE, Plaintiff requests:**

a. Declaratory judgment under **28 U.S.C. § 2201** clarifying the rights and status of Plaintiff and minor K.F.;

b. Recognition that prior state actions did not extinguish federal claims;

c. Costs and any further relief deemed proper by the Court.


## COUNT XLV: PETITION FOR EQUITABLE INJUNCTION AND MONITORING OF STATE COURT PROCEEDINGS AFFECTING A MINOR'S RIGHTS

**(Against: All Defendants and relevant judicial officers acting jointly or in coordination)**

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Ongoing state proceedings—including severed litigation dockets and orders excluding Plaintiff from participation—threaten to impair the rights of a minor and operate in conflict with federal protections under the Constitution and **Rule 17(c)**.

3.    These proceedings have demonstrated procedural irregularities, including:

a. Rejection and non-docketing of filings;

b. Denial of protective orders;

c. Allowing settlement or dismissal of claims involving a minor without valid appearance or consent;

d. Collusive filings designed to extinguish federal rights.

4.    Pursuant to the **All Writs Act, 28 U.S.C. § 1651**, and the Court's inherent authority to prevent obstruction of federal jurisdiction, Plaintiff requests an injunction:

•   Preventing enforcement of any further state orders prejudicing minor K.F.'s federal rights;

•   Requiring notice and review of any proposed resolution of K.F.'s claims;

•   Staying or supervising related dockets where judicial irregularities are documented.

**WHEREFORE, Plaintiff seeks:**

a. Preliminary and permanent injunction barring enforcement of any state court action prejudicing K.F.'s federal rights without federal review;

b. Court supervision or appointment of a special master to monitor related state matters;

c. Referral to judicial oversight authorities regarding procedural misconduct.

## COUNT XLVI: PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM

## PURSUANT TO FED. R. CIV. P. 17(c)

### (On behalf of minor Plaintiff K.F.)

1.    Plaintiff re-alleges and incorporates all prior allegations.

2.    Minor Plaintiff K.F. has a known disability and is entitled to procedural protection under **Rule 17(c)** of the Federal Rules of Civil Procedure.

3.    Due to procedural irregularities, conflicting state orders, and threats of waiver or default, Plaintiff respectfully requests the Court appoint an independent Guardian ad Litem to represent K.F.'s interests.

4.    Plaintiff is his natural mother and legal guardian and has acted diligently; however, she has been systematically excluded from proceedings, and the Court's intervention is necessary to preserve the child's rights.

5.    Appointment of a Guardian ad Litem is required to:

a. Ensure procedural compliance under **Rule 17(c)**;

b. Prevent unauthorized resolution of federal claims;

c. Provide the Court with neutral assistance in protecting a vulnerable party.

**WHEREFORE, Plaintiff respectfully requests:**

a. Appointment of a qualified Guardian ad Litem for minor plaintiff K.F. under **Fed. R. Civ. P. 17(c)**;

b. Immediate preservation of all claims, evidence, and filings submitted on his behalf;

c. Any further relief the Court deems necessary to protect the minor's legal rights.

## COUNT XLVII: RESERVATION OF RIGHT TO ASSERT CIVIL RICO CLAIMS UNDER 18 U.S.C. § 1962

**(Against Marina Bay Residences, LLC; Bozzuto Management Company; Hines Corp; and all attorneys)**

1.  Plaintiff re-alleges and incorporates all prior allegations.

2.  Based on information currently known and subject to discovery, Plaintiff reserves the right to assert claims under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.**

3.  The underlying predicate acts include but are not limited to:

•  Mail and wire fraud **(18 U.S.C. §§ 1341, 1343);**

•  Obstruction of justice **(18 U.S.C. § 1503);**

•  Witness tampering and intimidation **(18 U.S.C. § 1512);**

•  Retaliation against a party engaged in protected activity;

•  Insurance fraud and concealment from regulatory oversight;

•  Procedural sabotage and fraud on the court designed to isolate and extinguish minor plaintiff K.F.'s claims.

4.  Defendants engaged in a pattern of racketeering activity across multiple legal forums, with the purpose of:

•  Avoiding liability exposure;

•  Suppressing claims that implicated insurer duties;

•  Manipulating court records and procedural posture;

•  Coercing settlement through gag orders and severance maneuvers;

•  Misusing pro se procedural rules to chill advocacy and eliminate federal jurisdiction.

5.  Plaintiff intends to amend this Complaint under **Fed. R. Civ. P. 15(a)** following further discovery, including subpoenas and interrogatories, to assert **formal RICO counts** under **§§ 1962(c) and (d).**

**WHEREFORE, Plaintiff:**

a. Reserves all rights to assert civil **RICO** claims pursuant to **18 U.S.C. § 1964**;

b. Requests preservation of all potential evidence supporting **RICO** predicate acts;

c. Notifies the Court and Defendants that any motion to dismiss must be made with knowledge of this reservation;

d. Seeks any other relief necessary to ensure the future viability of these claims.

## COUNT XLVIII: RESERVATION OF RIGHT TO ASSERT CLAIMS UNDER MASSACHUSETTS GENERAL LAWS c. 93A (UNFAIR AND DECEPTIVE BUSINESS PRACTICES)

### (All Defendants)

1. Plaintiff re-alleges and incorporates all prior allegations.

2. Defendants engaged in unfair and deceptive practices in the conduct of trade and commerce, including but not limited to:

- Leasing hazardous and uninhabitable units;

- Misrepresenting the habitability of premises and suppressing known defects;

- Failing to disclose and/or denying the existence of insurance coverage applicable to tenant injuries;

- Threatening and coercing tenants into waiving legal rights;

- Exploiting class action procedures to pressure global settlements involving unrepresented parties, including a minor;

- Publicly misusing PII and health data of a vulnerable child for retaliatory litigation.

3.  These acts, individually and collectively, constitute violations of **Massachusetts G.L. c. 93A, §§ 2 and 9**.

4.  Plaintiff reserves all rights to serve 93A demand letters and formally assert these claims upon clarification of Defendants' insurance relationships, regulatory conduct, and discovery of internal communications.

**WHEREFORE, Plaintiff:**

a. Reserves the right to file **G.L. c. 93A** claims by amendment upon proper statutory notice and procedural compliance;

b. Requests equitable tolling of deadlines for 93A demand due to ongoing obstruction and fraud;

c. Seeks all statutory damages, attorneys' fees, and multiple damages remedies provided under **Chapter 93A**;

d. Requests preservation of related business records and insurance documents.

## A. DECLARATORY RELIEF

Pursuant to **28 U.S.C. § 2201** and related constitutional authority, Plaintiff requests:

1.  A declaration that the Defendants engaged in:

-   Fraud on the court and obstruction of justice;

-   Violations of the **Fair Housing Act, ADA,** and **Section 504;**

-   Violations of **42 U.S.C. §§ 1983 and 1985;**

-   Violations of due process and the First and Fourteenth Amendments;

-   Violations of **Rule 17(c)** and deprivation of procedural rights of a minor.

2.  A declaration that Plaintiff, as the mother and legal guardian of K.F., has standing to raise claims on his behalf, and that all prior attempts to suppress such standing were unlawful and retaliatory.

## B. INJUNCTIVE RELIEF

Pursuant to **Fed. R. Civ. P. 65** and the Court's equitable powers, Plaintiff requests:

3.  A preliminary and permanent injunction:

•   Enjoining Defendants from further retaliation, suppression of court access, or procedural gatekeeping against Plaintiff or minor K.F.;

•   Requiring Defendants to cease any publication or misuse of K.F.'s name, identity, medical records, or other protected information;

•   Compelling Defendants to provide all previously withheld or concealed information, including full insurance disclosures;

•   Ordering the immediate preservation of evidence, including court filings, transcripts, recordings, emails, insurance policies, lease records, and communications among Defendants.

4.  An order requiring:

•   Appointment of a **guardian ad litem** or independent counsel under **Fed. R. Civ. P. 17(c)** for K.F.;

•   Oversight or federal supervision of any related ongoing state litigation involving the minor, including Callahan v. Marina Bay and all severed proceedings;

•   Prohibition of any waiver, settlement, or default judgment affecting K.F.'s rights without federal court review.

## C. CRIMINAL AND REGULATORY REFERRALS

5. **Pursuant to the Court's inherent supervisory authority and 18 U.S.C. § 4 (misprision of felony),** Plaintiff requests that this Court transmit the facts and filings to appropriate authorities, including:

- The **United States Department of Justice (DOJ) – Civil Rights Division and Public Integrity Section** – for investigation of:

  - Fraud on the court;

  - Retaliation against a minor and guardian;

  - Coordinated use of judicial procedure to obstruct federal rights and evade liability;

  - Potential racketeering activity in violation of **18 U.S.C. §§ 1341, 1343, 1512, and 1962**.

- The **U.S. Department of Housing and Urban Development (HUD), Office of Fair Housing and Equal Opportunity** – for investigation of:

  - Housing discrimination and retaliation under **42 U.S.C. §§ 3601–3619**;

  - Failure to accommodate a minor with disabilities;

  - Suppression of protected activity.

- The **Massachusetts Attorney General's Office – Medicaid Fraud and Public Protection Divisions** – for investigation of:

  - Insurance fraud;

  - Violations of *G.L. c. 93A*;

74

- **Fed. R. Civ. P. 54(d);**

- **Massachusetts law (for reserved G.L. c. 93A claims).**

## E. EQUITABLE AND STRUCTURAL RELIEF

10.    Oversight by the Court or appointment of a special master to monitor:

- Procedural compliance in any future filings or settlements involving the minor;

- Disclosure of all insurance carriers and coverage;

- Coordination with regulatory and criminal authorities.

11.    Tolling of any statutes of limitations, including for **RICO** and **G.L. c. 93A** claims, based on:

- Ongoing fraud;

- Misrepresentation and concealment;

- Procedural obstruction.

## F. ANY OTHER RELIEF

12.    Any and all further relief that this Court deems just and proper, including but not limited to:

- Reopening or reviewing state proceedings infected by fraud;

- Entry of findings to protect K.F. from further retaliation;

- Notification to federal or state oversight bodies regarding systemic misconduct.

**JURY DEMAND:**

Plaintiff demands a trial by jury on all triable issues pursuant to the **Seventh Amendment**

and **Fed. R. Civ. P. 38.**

Respectfully submitted,

Sandra Fernandez, Pro Se
**On Behalf of K.F., a Minor, as his Legal Guardian,** Pro Se,

550 Liberty St. Unit 905
Braintree, MA 02184

Tel: (617) 806 6566

Email: sandreva14@yahoo.com

Date: July 30th, 2025

**By: Sandra Fernandez**
**On Behalf of K.F., a Minor, as his Legal Guardian,** Pro Se,

*/s/ Sandra Fernandez*
Sandra Fernandez

## CERTIFICATE OF SERVICE

I hereby certify that on July 30th, 2025 a copy of the foregoing was served electronically/mail on all counsel of record.

| | |
|---|---|
| **Marina Bay Residences, LLC**<br>155 Federal st.<br>Suite 700,<br>Boston, MA 02110 | **Hines Corporation**<br>845 Texas Avenue<br>Suite 3300<br>Houston, TX 77002 |
| **Bozzuto Management, Co.**<br>155 Federal st.<br>Suite 700<br>Boston, MA 02110 | **Delaney Barrett**<br>11 Linden St.<br>South Boston,<br>MA 02127 |
| **Callahan, Inc.**<br>Callahan Construction Managers<br>80 First St.<br>Bridgewater, MA 02324 | **Cube 3 Studio, LLC**<br>56 High Street<br>North Andover,<br>MA 02110 |
| **Dain, Torpy, LeRay, Wiest & Garner, P.C.**<br>175 Federal Street, Suite 1500<br>Boston, MA 02110<br>Representing for Marina Bay Residences,<br>LLC | **Maynard Nexsen, P.C.**<br>2500 Bee Caves Road, Building 1, Suite 150<br>Austin, TX 78746<br>Representing for Marina Bay Residences,<br>LLC |
| **Keches Law Group**<br>2 Lakeshore Center, Suite 3<br>Bridgewater, MA 02324<br>Representing Beth Materna | **AMPS Law, P.C.**<br>304 Cambridge Road, Suite 440<br>Woburn, MA 01801<br>Representing Bozzuto Management co |
| **Gallagher Evelius & Jones LLP**<br>218 N. Charles Street, Suite 400<br>Baltimore, MD 21201<br>Representing Bozzuto Management, Co | **Quat Law Offices**<br>929 Worcester Rd.<br>Framingham, Massachusetts 01701<br>Co-council with Keches Law Group |

**Sloane and Walsh**
One Boston Place
201 Washington St., Suite 1600
Boston, MA 02108
Representing Callahan, Inc.

**MG+ M Law**
125 High Street
Oliver Street Tower, 6th Floor
Boston, MA 02110
Representing Cube 3 Studio, LLC

**Gregory P. Sapire, Esq. (Pro Hac Vice)**
Maynard Nexsen, P.C.
2500 Bee Caves Road, Building 1,
Suite 150
Austin, TX 78746
gsapire@maynardnexsen.com
Attorney for Marina Bay Residences, LLC

**Raj Aujla, Esq. (Pro Hac Vice)**
Maynard Nexsen, P.C.
2500 Bee Caves Road, Building 1,
Suite 150
Austin, TX 78746
raujla@maynardnexsen.com
Attorney for Marina Bay Residences, LLC

**Daniel Dain, Esq.**
Dain, Torpy, LeRay, Wiest & Garner, P.C.
175 Federal Street, Suite 1500
Boston, MA 02110
ddain@daintorpy.com
Attorney for Marina Bay Residences, LLC

**Kate Carter, Esq.**
Dain, Torpy, LeRay, Wiest & Garner, P.C.
175 Federal Street, Suite 1500
Boston, MA 02110
kcarter@daintorpy.com
Attorney for Marina Bay Residences, LLC

**Ted Papadopoulos, BBO# 671506**
AMPS Law, P.C.
304 Cambridge Road, Suite 440
Woburn, MA 01801
ted@ampslaw.com
Attorney for Bozzuto Management & Delaney
Barrett

**Sangueetha Kanna**
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, MD 21201
skannan@gejlaw.com
Attorney for Bozzuto Management & Delaney
Barrett

**James Bragdon (Pro Hac Vice)**
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, MD 21201
jbragdon@gejlaw.com
Attorney for Bozzuto Management & Delaney
Barrett

**Beth Materna**
15 Standish Rd.
Quincy, MA 02171
Represented by Attorney Johnathan Sweet

**Jonathan D. Sweet, Esq.**
Keches Law Group P.C.
2 Granite Ave. #400
Milton, MA 02186
jsweet@kecheslaw.com
Attorney for Beth Materna

**Patrick J. Nelligan, Esq.**
Keches Law Group P.C.
2 Granite Ave. #400
Milton, MA 02186
pnelligan@kecheslaw.com
Attorney for Beth Materna

**Michael P. Schaefer, Esq.**
MG+M Law
125 High Street
Oliver Street Tower, 6th Floor
Boston, MA 02110
MSchaefer@mgmlaw.com
Attorney for Cube 3 Studio, LLC

**Kenneth D. Quat, Esq.**
Quat Law Offices
929 Worcester
Framingham, Massachusetts 01701
ken@quatlaw.com
Co-council with Johnathan Sweet

**Charles F. Rourke II**
Sloane and Walsh
One Boston Place
201 Washington St.
Suite 1600
Boston, MA 02108
crourke@sloaneandwalsh.com
Attorney for Callahan, Inc.

**By: Sandra Fernandez**
**On Behalf of K.F., a Minor, as his Legal Guardian,** Pro Se,

*/s/ Sandra Fernandez*
Sandra Fernandez