UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

K.F., a Minor, by and through   )
  His Legal Guardian Sandra)     )
  Fernandez,                     )
                Plaintiff,       )
        v.                       )        C.A. No. 25-12088-WGY
                                 )
HINES CORPORATION, et al.,       )
                Defendants.      )·

## MEMORANDUM AND ORDER

**July 31, 2025**

YOUNG, D.J.

For the reasons set forth below, the pending motions are
denied without prejudice. If Sandra Fernandez wishes to proceed,
she must (1) either pay the filing fee or file an Application to
Proceed in District Court Without Prepaying Fees or Costs; and
file an Amended Complaint.

## I.   Background

Sandra Fernandez ("Fernandez"), a resident of Braintree,
Massachusetts who is proceeding pro se, filed on behalf of her
minor son an Application to Proceed in District Court without
Prepaying Fees or Costs and a Complaint for injunctive,
declaratory, and monetary relief. The 79-page, 48-count
complaint details a series of events involving her former
landlord, property manager, private attorneys and law firms, and
construction and design firms, beginning in 2018 with unsafe
housing conditions and culminating in the 2024 eviction from

their residence in Quincy, Massachusetts. The complaint invokes federal question jurisdiction under 28 U.S.C. § 1331 and asserts claims under 42 U.S.C. §§ 1983, 1985; 42 U.S.C. § 12101 (Americans With Disabilities Act); and 42 U.S.C. § 3601 (Fair Housing Act). The complaint asserts this Court's supplemental jurisdiction over several state court tort, contract and consumer claims. The complaint seeks a preliminary injunction, a temporary restraining order, monetary damages and referral to prosecutors for investigation.

## II.  Preliminary Review

Federal courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). This includes the power to dismiss actions that are frivolous or malicious. See Mallard v. United States Dist. Ct., 490 U.S. 296, 307-08 (1989); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985). A claim is legally frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In addition, under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss any action over which it lacks subject-matter jurisdiction. See McCulloch v. Velez, 364 F.3d

1, 5 (1st Cir. 2004). Jurisdiction must be based on either a federal question under 28 U.S.C. § 1331 or complete diversity of citizenship under 28 U.S.C. § 1332.

To obtain a preliminary injunction or a temporary restraining order, the movant "must make a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Starbucks Corp. v. McKinney, 602 U.S. 339, 346 (2024) (internal quotation marks omitted). "A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.' " Id. at 345-46 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)).

In conducting this review, the Court construes the pleadings liberally because the plaintiff is proceeding pro se. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## III. Discussion

### A. Legal Representation

Fernandez cannot represent her son in this action. Fernandez states that she is his legal guardian and seeks appointment of a guardian ad litem or independent counsel under Rule 17(c) of the Federal Rules of Civil Procedure. See Complaint at 73.

An individual may appear in federal court, either "pro se or through legal counsel." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). Because Fernandez is not alleged to be an attorney, she cannot represent her son in this action.

Rule 17(c) does give a federal court "power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent," Sam M. ex rel Elliott v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010) (quoting Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist., 873 F.2d 25, 29 (2d Cir.1989)), however, the Court declines to take such action because the complaint, as plead, is subject to dismissal.

4

## B. **Younger** and **Rooker-Feldman** Doctrines

Although this action seeks, among other things, to assert claims under various federal statutes, it is apparent that the case concerns injuries caused by rulings and orders entered in various state court actions. The complaint seeks to have this Court interfere directly or indirectly with ongoing state proceedings.

To the extent the complaint challenges various state court proceedings, the Rooker-Feldman doctrine and Younger abstention doctrine bar such claims. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). The Younger abstention doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). The matters alleged in the complaint would be precluded under one or both of these doctrines.

If state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the Younger abstention doctrine. If a final judgment has been entered, this federal

court lacks subject matter jurisdiction over such claims under the Rooker-Feldman doctrine.

If Fernandez remains disappointed with the conduct and outcomes of the state proceedings, she may raise any distinctly federal claims he has preserved for consideration by the Supreme Court of the United States. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006). Lower federal courts are obligated to abstain from the exercise of jurisdiction over equitable claims like those asserted here that may directly or indirectly interfere with the ongoing state proceedings.

## IV.  Filing an Amended Complaint

To the extent Fernandez wishes to proceed on her own behalf, she must file an amended complaint—a new stand-alone document—that states a plausible claim. As an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Fernandez should repeat in the amended complaint any allegations in the original complaint that she wishes to be part of the operative complaint along with sufficient allegations to state a plausible claim. The amended complaint must identify all of the parties in the caption. It

6

must set forth the basis for this Court's exercise of jurisdiction. It should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, plaintiff should set forth at least minimal facts as to who did what to whom, when, and where. She should not assert claims collectively against the defendants, but rather should separately parcel out the claims against each defendant, or if appropriate, groups of identified defendants. She also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

Fernandez is cautioned that it is impermissible to bring multiple unrelated claims within a single action. Here, the complaint asserts several different legal claims with each claim involving a different set of defendants. While Rule 18(a) of the Federal Rules of Civil Procedure permits a plaintiff "to bring multiple claims against a defendant in a single action ... it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-cv-586, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-cv-586, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-cv-11528, 2010 WL 1740957, at *2 (D. Mass. Apr. 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Instead, Rule 20 of the Federal Rules of



Civil Procedure provides that separate defendants "may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

If an amended complaint is filed, it will be further screened.  Failure to do so will result in dismissal.

## V.    Conclusion

In accordance with the foregoing, the pending motions are denied without prejudice. To the extent Fernandez wishes to proceed in this matter, she must file, on or before August 29, 2025, (1) an Application to Proceed in District Court without Prepaying Fees or Costs; and (2) an amended complaint that states a plausible claim.  Failure to timely comply will result in dismissal of this action.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

ATTACHMENT 5

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

| | |
|---|---|
| _____ ) | |
| *Plaintiff/Petitioner* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant/Respondent* ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are: $ _____ , and my take-home pay or wages are: $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☐ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☐ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts, or inheritances | ☐ Yes | ☐ No |
| (f) Any other sources | ☐ Yes | ☐ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____.

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:  _____                  _____
                                                                         *Applicant's signature*

                                                                         _____
                                                                         *Printed name*

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
IN CLERKS OFFICE
2025 AUG 15 AM 11:55
U.S. DISTRICT COURT
DISTRICT OF MASS.

USMS
SCREENED

Sandra Fernandez
550 Liberty St, Unit 905
Braintree, MA 02184

quadient
FIRST-CLASS MAIL
IMI
$001.03⁰
07/31/2025 ZIP 02210
043M31266831
US POSTAGE

NIXIE        015    FE 1        0008/12/25

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 02210302599    *2521-01610-31-47