## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Docket No. 1:25-cv-12088-WGY

**SANDRA FERNANDEZ DE VILLAVICENCIO**, Pro Se

Plaintiff,

v.

**HINES INTERESTS LIMITED PARTNERSHIP;
MARINA BAY RESIDENCES, LLC;
BOZZUTO MANAGEMENT COMPANY;**

Defendants.

---

## AMENDED COMPLAINT

## I. NATURE OF ACTION

1. This is a federal housing discrimination and retaliation action. Plaintiff Sandra Fernández de Villavicencio brings claims against Defendants Hines Interests Limited Partnership, Marina Bay Residences, LLC, and Bozzuto Management Company for discrimination and retaliation in violation of the Fair Housing Act (42 U.S.C. §§ 3601–3619) and denial of reasonable accommodations under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.). From 2022 through October 2024, Defendants engaged in discriminatory housing practices and retaliated against Plaintiff for reporting unsafe housing conditions and asserting her federal rights.

## II. JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Fair Housing Act, 42 U.S.C. §§ 3601–3619, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

3.    This Court has authority to grant declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs pursuant to 42 U.S.C. § 3613 and 42 U.S.C. § 12205.

4.    Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in Quincy, Massachusetts, where the subject property (Meriel Marina Bay) is located, and where Plaintiff resided from 2018 until October 15, 2024.

5.    Defendants conduct business in Massachusetts and are subject to personal jurisdiction in this District.

## III. PARTIES

6.    Plaintiff

Plaintiff, Sandra Fernández de Villavicencio ("Fernández"), is an individual residing at 550 Liberty Street, Unit 905, Braintree, Massachusetts 02184. Fernández proceeds pro se in this action.

7.    Defendant Hines Interests Limited Partnership

Defendant, Hines Interests Limited Partnership ("Hines"), is a global real estate investment and development company organized under the laws of Texas, with its principal executive offices located at 845 Texas Avenue, Suite 3300, Houston, Texas 77002.

Hines transacts business in Massachusetts, including through its ownership (as stated in an affidavit by its Director of Assets Manager on July 25th), development, and management of residential properties, such as Meriel Marina bay, and may be served with process through its agent for service of process in Massachusetts, Corporation Service Company, 155 federal Street, STE 700, Boston, Massachusetts 02110.

8.   Defendant Marina Bay Residences, LLC

Defendant, Marina Bay Residences, LLC ("Marina Bay"), is a limited liability company organized under the laws of Delaware, with its principal place of business in Quincy, Massachusetts. Marina Bay owns and operates the Meriel Marina Bay residential complex located at 552 Victory Road, Quincy, Massachusetts 02171.

Marina Bay may be served with process through its registered agent, C T Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

9.   Defendant Bozzuto Management Company

Defendant, Bozzuto Management Company ("Bozzuto"), is a corporation organized under the laws of Maryland, with its principal place of business located at 6406 Ivy Lane, Greenbelt, Maryland 20770.

Bozzuto transacts business in Massachusetts by managing Marina Bay Residences in Quincy, Massachusetts, and may be served with process through its registered agent, Corporation Service Company, 155 Federal Street, STE 700, Boston, Massachusetts 02110.

## IV. FACTUAL BACKGROUND

10.   Plaintiff Sandra Fernández de Villavicencio was a tenant at Meriel Marina Bay LLC Apartments in Quincy, Massachusetts, from 2018 until October 15, 2024.

11.   Defendant Hines Interests Limited Partnership directly owned Meriel Marina Bay and exercised control over management decisions. Defendant Marina Bay Residences, LLC served as the holding entity, and Defendant Bozzuto Management Company managed the property.

12.   Beginning in late 2022, Plaintiff personally experienced unsafe housing conditions in her unit, including repeated water intrusion, visible mold growth, and defective ventilation systems.

13.   Plaintiff notified Defendants of these unsafe conditions and made repeated requests for repairs and accommodations between December 2022 and 2024, including temporary relocation or safe alternative housing during hazardous remediation.

14.   Defendants denied or ignored Plaintiff's requests and required her to remain in unsafe conditions while granting selective concessions and relief to other tenants.

15.   After Plaintiff asserted her rights under federal housing law, Defendants engaged in retaliatory conduct, including:

   a. Imposing excessive rent increases;

   b. Forcing Plaintiff to sign a backdated lease in 2023;

   c. Initiating eviction proceedings in 2023 and 2024;

   d. Threatening Plaintiff in court that Defendants were "investigating her back home."

16.   Defendants also interfered with Plaintiff's rights by restricting her access, conditioning relief on her silence, and attempting to impose gag provisions to prevent her from raising complaints.

17.   On October 15, 2024, Defendants caused Plaintiff to lose her housing as a direct

4

result of this discrimination and retaliation.

18.    As a result, Plaintiff suffered loss of housing, financial harm, emotional distress, reputational injury, and physical health impacts from exposure to unsafe conditions.

## V. STATEMENT OF CLAIMS

### Count I – Fair Housing Act (Discrimination And Retaliation)
### (42 U.S.C. §§ 3604(b), 3617)

19.    Plaintiff Sandra Fernández de Villavicencio ("Fernández") resided at Meriel Marina Bay, Quincy, Massachusetts, from 2018 through October 15, 2024.

20.    Defendant Marina Bay Residences, LLC was the lessor on Plaintiff's leases.

21.    Defendant Bozzuto Management Company acted as Marina Bay's property manager and executed, renewed, and enforced Plaintiff's leases.

22.    Defendant Hines Interests Limited Partnership, headquartered in Houston, Texas, exercised decision-making control over Marina Bay and Bozzuto. Written communications confirm that all major management decisions required Hines approval.

23.    In December 2022, Plaintiff renewed her lease. Shortly thereafter, she raised concerns regarding leaks, visible mold, and health risks.

24.    From early 2023 through 2024, Plaintiff requested repairs and accommodations.

25.    Instead of responding with equal treatment, Defendants discriminated against Plaintiff by:

a. denying concessions and repairs that were provided to similarly situated tenants;

b. retaliating with two eviction proceedings (early 2023 and May 2024) after Plaintiff raised health and safety concerns;

c. imposing an extraordinary rent increase of 10% in December 2022, while Plaintiff's prior renewals were limited to $50;

d. forcing Plaintiff to sign a backdated lease in March 2023, adding her minor child without consent, later used against her in litigation;

e. threatening Plaintiff in eviction court in summer 2024, through Bozzuto counsel, that Defendants (Marina Bay/Hines) were "investigating her back home" as coercion.

26.    During the same period, Defendants provided preferential treatment to other tenants, including rent concessions, unit transfers, and discounted rent, while Plaintiff was denied such relief.

27.    Defendants' conduct constitutes discrimination in the "terms, conditions, or privileges of rental" and unlawful retaliation, in violation of 42 U.S.C. §§ 3604(b) and 3617.

28.    As a direct result, Plaintiff suffered:

a. loss of housing on October 15, 2024;

b. emotional distress;

c. reputational harm; and

d. financial damages.

WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief below.

### COUNT II – FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### (42 U.S.C. § 3604(f)(3); 42 U.S.C. § 12132)

29.    Plaintiff Sandra Fernández de Villavicencio resided at Meriel Marina Bay, Quincy, Massachusetts, from 2018 through October 15, 2024.

30.    Defendants Marina Bay Residences, LLC (owner), Bozzuto Management Company

6

(property manager), and Hines Interests Limited Partnership (owner/decision-maker) controlled the terms and conditions of Plaintiff's tenancy.

31.    Plaintiff repeatedly reported serious health-related concerns caused by water intrusion and mold between late 2022 and 2024.

32.    In March–April 2023, during hazardous mold remediation conducted in Plaintiff's apartment, Plaintiff requested reasonable accommodation, including:

a. temporary relocation or alternate unit during remediation; and

b. assurance of safe remediation conditions.

33.    Defendants denied those requests and required Plaintiff to remain in the apartment during remediation, despite the use of hazmat equipment by contractors and unsafe conditions..

34.    Defendants knew of Plaintiff's medical concerns and her vulnerability but refused accommodation, while granting favorable terms and relief to other tenants without such needs.

35.    By failing to grant reasonable accommodation, Defendants violated:

a. 42 U.S.C. § 3604(f)(3) (Fair Housing Act – refusal to make reasonable accommodations); and

b. 42 U.S.C. § 12132 (ADA – denial of equal access to housing-related services and benefits).

36.    As a direct and proximate result, Plaintiff suffered:

a. prolonged exposure to unsafe remediation conditions;

b. emotional distress and physical health aggravation;

c. financial loss from unusable living space; and

d. eventual loss of housing.

WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief below.

### Count III – Retaliation And Interference
### (42 U.S.C. § 3617)

37.    Plaintiff Sandra Fernández de Villavicencio resided at Meriel Marina Bay, Quincy, Massachusetts, from 2018 through October 15, 2024.

38.    Defendants Marina Bay Residences, LLC, Bozzuto Management Company, and Hines Interests Limited Partnership exercised joint control over Plaintiff's tenancy and all housing-related decisions.

39.    Beginning in late 2022, Plaintiff raised repeated complaints about unsafe housing conditions and discrimination.

40.    In response, Defendants engaged in retaliatory actions against Plaintiff, including:

a. initiating two eviction proceedings (early 2023 and May 2024);

b. issuing threats through counsel in summer 2024 that Defendants were "investigating her back home";

c. denying Plaintiff lease renewal in May 2024 solely after she asserted housing rights; and

d. conditioning relief on Plaintiff's silence, including attempted gag orders and settlement demands.

41.    Defendants' actions were intended to coerce, intimidate, and interfere with Plaintiff's exercise of rights protected under the Fair Housing Act.

42.    By retaliating against Plaintiff for asserting her rights, Defendants violated 42 U.S.C. § 3617, which prohibits coercion, intimidation and threats, or interference with the exercise or enjoyment of rights granted under §§ 3603–3606.

43. As a direct and proximate result, Plaintiff suffered:

a. loss of housing in October 2024;

b. emotional distress and reputational harm; and

c. financial damages.

WHEREFORE, Plaintiff seeks relief as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Marina Bay Residences, LLC, Bozzuto Management Company, and Hines Interests Limited Partnership, jointly and severally, and award the following relief:

1. Declaratory Relief

   • A declaration that Defendants' conduct violated the Fair Housing Act (42 U.S.C. §§ 3601–3619) and the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).

2. Injunctive Relief

   • Prohibiting Defendants from engaging in further discrimination, retaliation, or interference with Plaintiff's rights;

   • Requiring Defendants to adopt and implement nondiscriminatory accommodation and housing policies.

3. Compensatory Damages

   • For all losses suffered as a result of Defendants' unlawful conduct, including economic damages, emotional distress, and dignitary harms, in an amount to be determined at trial.

4. Punitive Damages

   • To punish and deter Defendants for their willful, reckless, and discriminatory actions.

5.    Attorneys' Fees (if applicable or retained counsel) and Costs

  • Pursuant to 42 U.S.C. § 3613(c)(2) (FHA), 42 U.S.C. § 12205 (ADA), and other

  applicable provisions of federal law.

6.    Further Relief

  • Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Sandra Fernandez De Villavicencio,
Pro Se Plaintiff

550 Liberty St. Unit 905
Braintree, MA 02184

Tel: (617) 806 6566

Email: sandreva14@yahoo.com

Date: August 29th, 2025

**By: Sandra Fernandez**

Sandra Fernandez

## CERTIFICATE OF SERVICE

 I hereby certify that on August 29th, 2025 a copy of the foregoing was served by mail on Defendants.

| **Marina Bay Residences, LLC** 155 Federal st. Suite 700, Boston, MA 02110 | **Hines Interests Limited Partnership** 845 Texas Avenue Suite 3300 Houston, TX 77002 |
| --- | --- |
| **Bozzuto Management, Co.** 155 Federal st. Suite 700 Boston,  MA 02110 | |

**By: Sandra Fernandez**
Pro Se Plaintiff,

Sandra Fernandez