**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SANDRA FERNANDEZ DE VILLAVICENCIO,
PRO SE,

Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP,
MARINA BAY RESIDENCES, LLC, BOZZUTO
MANAGEMENT COMPANY,

Defendants.

**CASE NO.:** 1:25-cv-12088-WGY

### DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS SANDRA FERNANDEZ VILLAVICENCIO'S AMENDED COMPLAINT

Defendants Hines Interests Limited Partnership, Marina Bay Residences, LLC, and Bozzuto Management Company (together, the "Defendants") move to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]

The Amended Complaint alleges counts under the Fair Housing Act (the "FHA") and the Americans with Disabilities Act (the "ADA") but fails to plead the essential elements of these causes of action. Specifically, the claims under the FHA fail on their face because the Amended Complaint contains no allegation that Plaintiff is part of a protected class and fails to claim that there is any nexus between the alleged conduct of Defendants and Plaintiff's status. Similarly, the claim under the ADA fails on its face because it contains no allegations that Plaintiff has a

---

[1] Defendants note that Plaintiff also has failed to serve any Defendant within the time required under Fed. R. Civ. P. 4(c)(1). The Amended Complaint was filed on August 29, 2025, and the 90-day period for service expired in November 2025. To date, Plaintiff has not effected service and has not sought an extension from the Court. In light of Plaintiff's pending Application to Proceed in District Court Without Prepaying Fees or Costs, however, Defendants are not presently moving to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process but expressly reserve the right to do so once the Court rules on that application.

recognized disability, that Plaintiff informed Defendants of such disability, or that Defendants failed to reasonably accommodate the disability.

This Court has already dismissed sua sponte Plaintiff's original Complaint as deficient and indicated that the Court would act a gatekeeper for any subsequent filing. As discussed further in the accompanying Memorandum in Support of Defendants' 12(b)(6) Motion to Dismiss, the Amended Complaint is merely the latest example of Plaintiff's pattern of harassing litigation tactics against Defendants. Plaintiff should not be afforded a third opportunity to assert these allegations in this Court. Accordingly, Defendants respectfully request that this Court dismiss with prejudice the Amended Complaint for failure to state a claim upon which relief can be granted. This motion is further supported by the accompanying Memorandum in Support of Defendants' 12(b)(6) Motion to Dismiss, and Attorney Affidavit of Daniel P. Dain.

Respectfully submitted by:

HINES INTERESTS LIMITED
PARTNERSHIP; MARINA BAY
RESIDENCES, LLC,

By its attorneys,


*/s/ Daniel P. Dain*

_____
Daniel P. Dain, BBO# 632411
Kate Moran Carter, BBO# 663202
Dain, Torpy, Le Ray, Wiest & Garner, P.C. 175
Federal Street, Suite 1500
Boston, MA 02110
ddain@daintorpy.com
kcarter@daintorpy.com
P: (617) 542-4800

BOZZUTO MANAGEMENT COMPANY,

By its attorney,

*/s/ Ted Papadopoulos*
_____
Ted Papadopoulos, BBO# 671506
AMPS Law, P.C.
304 Cambridge Road, Suite 440
Woburn, MA 01801
ted@ampslaw.com
P: (781) 756-6600
F: (888) 756-6680

3

**CERTIFICATE OF SERVICE**

I, Daniel P. Dain, hereby certify that on this 4th day of February, 2026, I served a copy of the foregoing document on plaintiff via email.

/s/ Daniel P. Dain
_____
Daniel P. Dain

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Daniel P. Dain, hereby certify that I directed my associate, Sarah McHale, to make a good-faith effort to initiate a Local Rule 7.1(a)(2) conference with Ms. Fernandez prior to the filing of this Motion. On December 29, 2025, Ms. McHale emailed Ms. Fernandez requesting a conference, identifying her availability, and inviting Ms. Fernandez to propose alternative dates and times if necessary. On January 8, 2026, at approximately 5:00 p.m., Ms. McHale spoke with Ms. Fernandez in an effort to resolve or narrow the matter. Despite these reasonable efforts, the parties were unable to reach an agreement.

/s/ Daniel P. Dain
_____
Daniel P. Dain

4