**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SANDRA FERNANDEZ DE VILLAVICENCIO,
PRO SE,

Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP,
MARINA BAY RESIDENCES, LLC, BOZZUTO
MANAGEMENT COMPANY,

Defendants.

**CASE NO.:** 1:25-cv-12088-WGY

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR 12(B)(6) MOTION TO DISMISS SANDRA FERNANDEZ DE VILLAVICENCIO'S AMENDED COMPLAINT**

Defendants Hines Interests Limited Partnership, Marina Bay Residences, LLC, and Bozzuto Management Company (together, the "Defendants") submit this memorandum in support of their Motion to Dismiss Sandra Fernandez de Villavicencio (the "Plaintiff")'s Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Amended Complaint alleges counts under the Fair Housing Act (the "FHA") and the Americans with Disabilities Act (the "ADA") but fails to plead the essential elements of these causes of action. Specifically, the FHA claims fail on their face because the Amended Complaint contains no allegation that Plaintiff is part of a protected class and fails to claim that there is any nexus between the alleged conduct of Defendants and Plaintiff's status. Similarly, the claim under the ADA fails on its face because it contains no allegations that Plaintiff has a recognized disability, that Plaintiff informed Defendants of such disability, or that Defendants failed to reasonably accommodate the disability.

The dismissal should be with prejudice. As recounted below, the original Complaint was already dismissed sua sponte by this Court, and the Amended Complaint is just another part of a

long pattern of harassing litigation tactics by Plaintiff. Notably, those tactics have already caused the Superior Court to prohibit any further filings in two different actions by Plaintiff against Defendants.[1]

### I.    *Fernandez is engaged in the vexatious use of the courts against the Defendants.*

This case arises out of certain construction and design defects that resulted in building envelope issues at the two-building Meriel Marina Bay mixed use, 352-apartment unit development in Quincy. These issues led its then-owner, Marina Bay Residences, to undertake a remediation project, and to file suit in 2021 in the Massachusetts Superior Court against the buildings' architect and general contractor. In 2023, the Keches Law Group ("Keches Law") brought a putative class action on behalf of residents at Meriel Marina Bay in the Superior Court alleging certain claims arising from the remediation work. In February 2025, Dany Abouelkhier (the partner of and then co-tenant in the building with Fernandez), the original named plaintiff in the putative class action suit, filed a series of motions seeking to have Keches Law removed from the case—for, among other things, supposedly conspiring with the Defendants in that case—and sought sanctions against Keches Law. Keches Law responded by filing a motion to sever Abouelkhier's personal claims from the putative class action and for leave to amend the complaint to substitute a new class representative. The court granted the Keches Law motions and assigned a new docket number for Abouelkhier's individual claims.

Rather than pursue his claims in the severed case, however, Abouelkhier and then Fernandez, both in her personal capacity and on behalf of her minor child, began inundating the

---

[1] Plaintiff also has failed to serve any Defendant within the time required under Fed. R. Civ. P. 4(c)(1). The Amended Complaint was filed on August 29, 2025, and the 90-day period for service expired in November 2025. To date, Plaintiff has not effected service and has not sought an extension from the Court. In light of Plaintiff's pending Application to Proceed in District Court Without Prepaying Fees or Costs, however, Defendants are not presently moving to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process but expressly reserve the right to do so once the Court rules on that application.

parties, the Superior Court, and the state appellate courts with a lengthy series of pro se filings. These filings sought, among other things, to improperly insert Abouelkhier and Fernandez into the 2021 construction case and reinsert them into the 2023 putative class action, to stay those cases plus the severed action pending their inclusion, to have the court reconsider its prior rulings denying their participation in any action aside from the severed case, and to pursue sanctions against Keches Law. Fernandez also filed her original action in this case in the federal District Court and filed a series of motions directly with the Massachusetts Appeals Court and the Supreme Judicial Court. In total, Fernandez and Abouelkhier served and/or filed over 200 actions, motions, and "notices" across the state and federal courts of the Commonwealth against Marina Bay Residences and associated parties just in 2025 alone. *See* Aff. of Atty. Daniel P. Dain, ¶ 3.

Fernandez filed her original complaint in this Court on July 30, 2025. It purported to be on behalf of her unnamed minor child and named over 20 defendants, including the law firms and many of the lawyers involved in the construction and putative class action suits pending in the Superior Court. The 79-page complaint with 48 counts was an extended attack on the lawyers for routine (and protected) litigation activity and threatened criminal and regulatory referrals. This Court did not wait for Defendants to move to dismiss. The very next day, this Court, on its own initiative, issued an eight-page Memorandum and Order dismissing the Complaint without prejudice. This Court explained at 5, "Although this action seeks, among other things, to assert claims under various federal statutes, it is apparent that the case concerns injuries caused by rulings and orders entered in various state court actions. The complaint seeks to have this Court interfere directly or indirectly with ongoing state proceedings." In dismissing the action, the Court cited at 2 its "power to dismiss actions that are <u>frivolous</u> or <u>malicious</u>." (emphasis in

original) The Court permitted Fernandez 30 days to file an amended complaint, noting at 8, "If an amended complaint is filed, it will be further screened."

On August 29, 2025, Fernandez filed her Amended Complaint, dropping all but three defendants and shortening the complaint to 11 pages and three counts under two statutes: Counts I and III – Discrimination, Retaliation, and Interference (under the Fair Housing Act) and Count II – Failure to Provide Reasonable Accommodation (under both the Fair Housing Act and the Americans with Disabilities Act). The Amended Complaint, however, contains no allegation that (as these claims require) Fernandez was discriminated or retaliated against because of her status in a protected class under the FHA or because she has a disability under the ADA.

More specifically, in the FHA counts (Counts I, II, and III), Plaintiff alleges that she "raised concerns regarding leaks, visible mold, and health risks," Am. Compl., ¶ 23, and that Defendants "discriminated" against her by "denying concessions or repairs that were provided to similarly situated tenants," and by initiating eviction actions after she failed to pay rent. Am. Compl., ¶¶ 25, 39–40. Defendants deny that Fernandez was treated differently from other tenants. Regardless, the Amended Complaint fails to allege that any purportedly discriminatory or retaliatory conduct was based on Fernandez's membership in a protected class.

Similarly, in Count II under both the ADA and FHA, Plaintiff alleges that she "repeatedly reported serious health related concerns caused by water intrusion and mold between late 2022 and 2024," requested a temporary relocation or alternate unit during remediation, and sought assurances regarding remediation conditions, all of which Defendants allegedly denied. Am. Compl., ¶ 31-33. Defendants deny that they failed to address Plaintiff's safety concerns. Regardless, Fernandez does not allege that she has a disability, that she informed Defendants of

4

any such disability, or that any purported failure to provide a reasonable accommodation was based on a disability or her membership in a protected class.

Meanwhile, in the state court actions, the Superior Court issued an order calling for a halt in the vexatious litigation. In its November 19, 2025 Order (copy attached as **Exhibit A** to Aff. of Atty. Daniel P. Dain), the court wrote at 5:

> To date, no court has granted the non-parties the right to intervene and participate in the construction suit, and they have been severed from the tenants' suit and provided with their own tenants' suit. Undaunted, they continue to vexatiously and wastefully consume the parties' resources and the clerk['s] office's limited resources in reviewing, docketing, filing, and responding to these nonsensical papers….

> The court finds the contents, volume, and timing of Dany Abouelkhier and Sandra Fernandez's filings lack any meritorious legal or factual substance. Even after being denied by this court, and the Massachusetts Court of Appeals, any relief that would offer them the right to participate as parties in either civil actions 2182CV01044 or 2382CV00389, Dany Abouelkhier and Sandra Fernandez have engaged in a campaign of harassment by their attempts to paper these cases to a slow, grinding halt.

It has been well more than 90 days since Fernandez filed the Amended Complaint. No Defendants have received service of process and Fernandez has neither requested that any of the Defendants waive service nor filed a return of service and she has taken no other steps to advance her suit in this Court, although she did file an Application to Proceed in District Court Without Prepaying Fees or Costs, which remains pending.

## II.     *The case should be dismissed for failure to state a claim upon which relief can be granted.*

The Amended Complaint should be dismissed because it fails to allege the required elements under the FHA – specifically that Fernandez was discriminated or retaliated against, or denied a reasonable accommodation, based on her membership in a protected class, and under

the ADA – specifically that Defendants failed to reasonably accommodate a disability afflicting Fernandez.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court may accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor, conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se complaints "are accorded an extra degree of solicitude…even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Garrett v. ESPN, Inc.*, 2025 WL 1333718, *2 (D. Mass. May 7, 2025) (internal citations omitted). Pro se status does not relieve a party from the need to comply with procedural rules and court orders or the need to present sufficient facts to state a viable claim. *Kerr v. City of Attleboro*, 757 F. Supp. 3d 145, 147 (D. Mass., Nov. 20, 2024), citing *Brown v. Dep't of Veteran Affs.*, 451 F. Supp. 2d 273, 277 (D. Mass. 2006).

**A.      Plaintiff has failed to adequately allege the essential elements of a claim under the Fair Housing Act.**

To state a claim under the FHA, a complaint must allege that the plaintiff is a member of a protected class and that the challenged conduct was motivated by discrimination or retaliation on that basis. *See Peoples Helpers, Inc. v. City of Richmond*, 789 F. Supp. 725, 731 (E.D. Va. 1992). There is no such allegation in the Amended Complaint. Fernandez does not allege that she is a member of any protected class, nor does she allege facts plausibly suggesting that any alleged misconduct by Defendants in Counts I, II, or III was motivated by her membership in any protected class. Absent these allegations, her FHA claims fail as a matter of law and must be dismissed. *See Alvarez v. City of Philadelphia*, 2024 WL 3606347, *4 (E.D. Pa., July 31, 2024)

6

(dismissing pro se plaintiff's complaint where he failed to allege either membership in a protected class or discriminatory treatment connected thereto, deficiencies the court deemed "fatal to any FHA retaliation claim").

### B.    Plaintiff has failed to adequately allege the essential elements of discrimination under the Americans with Disabilities Act.

As for the claim under the ADA (Count II), an essential element is that the plaintiff have a recognized disability and have notified the defendants of that disability. *See Collins v. Dartmouth-Hitchcock Medical Center*, 2015 WL 268842, at \*4 (D.N.H. 2015), citing *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The Amended Complaint does not allege that Fernandez has any recognized disability. Instead, it references only "serious health-related concerns caused by water intrusion and mold" and asserts that that "Defendants knew of [her] medical concerns and her vulnerability..." Am. Compl., ¶¶ 31, 34. The Amended Complaint likewise does not claim that Fernandez was discriminated against on the basis of any disability.

The ADA defines a disability as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1)(A–C). This definition of disability applies throughout the ADA, including Title III. 42 U.S.C. § 12102. Fernandez has failed to plausibly allege any of these elements in the Amended Complaint or its exhibits. Accordingly, her ADA claim also must fail.

Plaintiff has alleged only "serious health-related concerns," and such unspecified concerns cannot support a claim under the ADA. *See Baca v. Presbyterian Healthcare Services*, 2023 WL 393477, \*3 (D. N.M., June 9, 2023) (dismissing plaintiff's ADA claim under Rule 12(b)(6) because the complaint failed to adequately allege a disability). In *Baca*, like here, the

plaintiff alleged only an unspecified medical condition and said nothing about how the condition substantially affected one or more major life activities. Given the paucity of the allegations, the court dismissed Baca's ADA claims with prejudice. The Court should do the same here.

### III.    *Dismissal here should be with prejudice.*

Plaintiff should not get a third try in this action. The original complaint was so deficient, this Court dismissed it on its own initiative; its order stated that the Court would remain a gatekeeper for any subsequent filing. *See Ezell v. Lexington Insurance Co.*, 335 F. Supp. 3d 91, 97 (D. Mass. 2018) (amended complaint dismissed with prejudice after amendment did not fix defect in original complaint that plaintiff was given leave to fix). The Amended Complaint, although more tailored than its predecessor, is still utterly deficient, and should be dismissed with prejudice.

Dismissal with prejudice is further supported by the context of this case. The original complaint and the subsequent Amended Complaint are part of the deluge of filings by Fernandez and her partner Abouelkhier in the courts of the Commonwealth that prompted the Superior Court to describe the tactics as a campaign of harassment. *See* Mass. Super. Ct. November 19, 2025 Order, attached as Exhibit A (noting that Plaintiff "engaged in a campaign of harassment by their attempts to paper these cases to a slow, grinding halt."). Defendants have had to expend substantial resources monitoring for, reviewing, and responding to these hundreds of filings across state, appellate, and federal courts. This Court should end this campaign of litigious abuse and should dismiss this action with prejudice.

Indeed, Fernandez and Abouelkhier have shown little inclination to actually prosecute any of their actions. In this action, Plaintiff has not even served the Amended Complaint in more than five months.

8

Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that "[i]f a defendant is not served within ninety (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Ninety days from the August 29 filing passed on November 27, 2025. Plaintiff has failed to timely perfect service.

Fernandez did file an Application to Proceed in District Court Without Prepaying Fees or Costs, on which this Court to date has not taken action. Defendants acknowledge that courts often extend the service deadline until after ruling on such an indigency application, in their discretion. In the circumstances here, however, there is no basis for providing such additional time. Enough is enough. Plaintiff has shown no inclination to advance this action and instead seems to want to have it hang over the Defendants' heads indefinitely as some kind of Sword of Damocles. Rule 41(b) permits the court to dismiss actions with prejudice for want of prosecution. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-31 (1962) (holding district courts have the power to dismiss a cause of action for failure to prosecute); *see also Kick Ass Pictures, Inc. v. Does 1-25*, 939 F. Supp. 2d 62, 63-64 (D. Mass. 2013) ("Failing to make service of process on the defendants … in itself suffices for a finding of lack of prosecution.")

### *Conclusion*

Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and grant them any other or further relief to which they may be entitled.

Respectfully submitted,

HINES INTERESTS LIMITED
PARTNERSHIP; MARINA BAY
RESIDENCES, LLC,

By its attorneys,


*/s/ Daniel P. Dain*

_____
Daniel P. Dain, BBO# 632411
Kate Moran Carter, BBO# 663202
Dain, Torpy, Le Ray, Wiest & Garner, P.C.
175 Federal Street, Suite 1500
Boston, MA 02110
ddain@daintorpy.com
kcarter@daintorpy.com
P: (617) 542-4800

BOZZUTO MANAGEMENT COMPANY,

By its attorney,

*/s/ Ted Papadopoulos*
_____
Ted Papadopoulos, BBO# 671506
AMPS Law, P.C.
304 Cambridge Road, Suite 440
Woburn, MA 01801
ted@ampslaw.com
P: (781) 756-6600
F: (888) 756-6680


Dated: February 4, 2026

10

## CERTIFICATE OF SERVICE

I, Daniel P. Dain, hereby certify that on this 4th day of February, 2026, I served a copy of the foregoing document on plaintiff via email.

/s/ Daniel P. Dain

_____

Daniel P. Dain

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Daniel P. Dain, hereby certify that I directed my associate, Sarah McHale, to make a good-faith effort to initiate a Local Rule 7.1(a)(2) conference with Ms. Fernandez prior to the filing of this Motion. On December 29, 2025, Ms. McHale emailed Ms. Fernandez requesting a conference, identifying her availability, and inviting Ms. Fernandez to propose alternative dates and times if necessary. On January 8, 2026, at approximately 5:00 p.m., Ms. McHale spoke with Ms. Fernandez in an effort to resolve or narrow the matter. Despite these reasonable efforts, the parties were unable to reach an agreement.

/s/ Daniel P. Dain

_____

Daniel P. Dain