# EXHIBIT A

*33*

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

**SUPERIOR COURT
CIVIL ACTION
No. 2582CV00364**

### DANY ABOUELKHIER

**vs.**

## MARINA BAY RESIDENCES, LLC BOZZUTO MANAGEMENT CO., and DELANEY BARRETT

## COURT ORDER AFTER THE NOVEMBER 17, 2025 CONFERENCE AND HEARING

This matter came before the court on November 17, 2025 at 2:00p.m. pursuant to the court's October 10, 2025 Omnibus Scheduling Order. Also appearing at this hearing were the parties in Norfolk Superior Court Civil Actions: 2182CV01044 [*Marina Bay Residences LLC* v. *Callahan, Inc. et al.*]; and 2382CV00389 [*Beth Materna et al.* v. *Marina Bay Residences LLC, Bozzuto Management Co. and Delaney Barrett*].[1] This Order addresses Dany Abouelkhier and Sandra Fernandez, individually, and on behalf of her minor child K.F., and directs them to file all papers, motions, pleadings, and notices concerning their claims or defenses to any counterclaims ONLY in Norfolk Superior Court Civil Action 2582CV0364 now captioned: *Dany Abouelkhier and Others[2]* v. *Marina Bay Residences, LLC, Bozzuto Management Co., and Delaney Barrett* (hereinafter referred to as the "Abouelkhier action" or "2582CV00364"). The court's reasons are explained below and concludes with the court's ORDER.

---

[1] The Court issued an Omnibus Scheduling Order No. 2 dated October 10, 2025 in the three actions, which required the parties in all three actions to meet and confer and prepare a joint report for the court. Mr. Abouelkhier declined to participate. The court held an in-person status conference and motion hearing on November 17, 2025.

[2] Sandra Fernandez on her own behalf and on behalf of her minor child K.F.

in 9/2025
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## SUMMARY OF THE PENDING NORFOLK ACTIONS AND
## PROCEDURAL HISTORIES

1. *Marina Bay Residences, LLC* v. *Callahan et al.), Civil Action No. 2182CV01044 ("construction suit" or 2182CV01044)*

This action concerns the alleged defects in the construction of the building of the Marina Bay Residences brought by the owners of that building. Neither Abouelkhier, nor Sandra Fernandez, on her own behalf or on behalf of the minor child (hereinafter they will be referred to collectively as the "non-parties"), are a party to the 2182CV01044 action. Moreover, the non-parties lack standing to intervene in that action, as they are not owners of the building.

Even though no judge of this court has allowed the non-parties to intervene in this action, they continuously demand to file nonsensical and usually "emergency" motions making needless, and indeed wasteful, demands on the parties and the court's time. By way of example, according to the parties Joint Statement for the November 17, 2025 Report, Exhibit A, in just the last four and a half months, the non-parties have attempted to file 10 motions, 9 so-called "notices," and an "emergency" Petition for Relief under G.L. c. 231, §118(1) by Ms. Fernandez of behalf of the minor child.

2. *Beth Materna et al.* v. *Marina Bay Residences and Others,[3] Civil Action No. 2382CV00389 ("2382CV00389 action" or "tenants' claims")*

This case is styled as a putative class action by the tenants against their landlord, Marina Bay Residences, and the management company for damages caused by water infiltration and disruption during the period of repairs . The tenants brought claims for violations of the lease, breaches of the implied warranty of habitability, and violation of G.L. c. 93A.. However, no class has yet been certified. The parties to this action agree that they will not be ready to brief

---

[3] Bozzuto Management Co. and Delaney Barrett.

2

and argue the class certification issues until after the close of discovery, which is a date yet to be determined.[4]

Initially, Dany Abouelkhier was named as the putative class representative in 2382CV00389.[5] Beginning in early 2025, Mr. Abouelkhier filed a flurry of motions revealing that Mr. Abouelkhier and Plaintiffs' counsel had a significant breakdown in their attorney/client communications. To summarize those multiple pleadings, suffice it to say that Mr. Abouelkhier sought to discharge the Plaintiffs' firm, and the firm sought to replace Mr. Abouelkhier as the class representative. The culmination of the persistent motion practice was a March 25, 2025 hearing. At that time, the Superior Court severed Mr. Abouelkheir from the putative class action suit (the tenants' suit) and opened up a new civil action for Mr. Abouelkhier against the same defendants, advancing the same claims, with the docket number 2582CV00364 (*Dany Abouelkhier* v. *Marina Bay Residences et al.*).[6] See 2382CV00389 paper #42 endorsement. As referenced below, Marina Bay's counterclaim was brought over to the 2582CV00364 action.

This severance did not satisfy the non-parties . Thereafter, the non-parties insisted on filing a barrage of motions and notices not only in the 2382CV00389 suit but also, as discussed below, in the 2182CV01044 action. In the 2382CV00389 case alone, Mr. Abouelkhier filed approximately 114 filings and Ms. Fernandez filed another 81, not all of which have been docketed. Additionally, there were approximately four known appeals of various rulings by Mr. Abouelkhier against Marina Bay Residences.[7] No court has vacated the decision to sever Mr.

---

[4] The parties in that action are preparing a proposed scheduling order for the court which will be addressed at the next status hearing in January.

[5] Mr. Abouelkhier is alleged to have been a resident at the Marina Bay Residences at least during the relevant time period.

[6] The court also waived all filing fees in connection with the creation of the new lawsuit for Abouelkhier. See docket no. 2582CV00364 entry dated 4/1/25 Financial Note.

[7] The known appellate actions brought by Abouelkhier against Marina Bay Residences are: 2025-P-1218; 2025-P-0837, 2025-P-0726, and 2025-P-0519. All are closed except for 2025-P-1218.

3

Abouelkhier's claim from the putative class action suit. Since March of 2025, pursuant to this court's order, Mr. Abouelkhier has not been a party in the tenants' action.

### 3. *Dany Abouelkhier* v. *Marina Bay Residences, et al.*, Civil Action No. 2582CV00364 ("Abouelkhier action" or 2582CV00364)

This action commenced in late March of 2025 after the court severed Mr. Abouelkhier's claims from the tenants' action and created a separate tenant action for Mr. Abouelkhier. In 2582CV00364, the Defendant Marina Bay Residences, LLC had brought a counterclaim for non-payment of rent against Mr. Abouelkhier. Mr. Abouelkhier failed to answer or otherwise respond and was defaulted. That counterclaim and default were carried over, along with Mr. Abouelkhier's other claims against these same defendants, into the Abouelkhier action (2582CV00364). On April 7, 2025, in the Abouelkhier action, the court allowed Mr. Abouelkhier's motion to remove the default and ordered him to answer the counterclaim by April 21, 2025 (Civil Action No. 2582CV00364 endorsement 4/7/25 Leighton, J). Rather than filing an answer or motion to dismiss Mr. Abouelkhier, pro se, filed correspondence that was docketed in which he claimed to enter a "special appearance, reservation of rights and Objection to the default on the counterclaims." (2582CV00364 paper #7). Mr. Abouelkhier sought to stay the action pending an appeal which the court denied (2582CV00364 docket entry 6/25/25 Leighton, J.). Then, on July 3, 2025, Mr. Abouelkhier filed a "Notice of Non-Participation in Lieu of Answer and Preservation of Appellate Rights." Notwithstanding that notice, Mr. Abouelkhier filed a dozen or more "emergency motions" while he was also apparently pursuing his appellate rights.

The Marina Bay defendants seek an entry of a default as no answer has been filed despite the court's order that Mr. Abouelkhier do so by April 21, 2025. At the hearing on November 17, 2025, when the court called the case and invited Mr. Abouelkhier to step forward to be heard on

4

Marina Bay's request for a default, Mr. Abouelkhier refused to come forward and declined his opportunity to address the motion with the court. That motion is now under advisement with the court.

### 4.  Findings of the Court

To date, no court has granted the non-parties the right to intervene and participate in the construction suit, and they have been severed from the tenants' suit and provided with their own tenants' suit. Undaunted, they continue to vexatiously and wastefully consume the parties' resources and the clerk office's limited resources in reviewing, docketing, filing, and responding to these nonsensical papers. The parties have reported to the court, most recently in their Joint Statement for the November 17, 2025 hearing, that Dany Abouelkhier and Sandra Fernandez's numerous attempts to file papers in these actions has become an obstacle to the parties' ability to move forward in discovery in an orderly fashion.[8] As a result of the cascade of papers from the non-parties, the parties, and frankly, the court, have dedicated resources that could be put to more productive use than addressing the frivolous, repetitive and non-meritorious submissions from the non-parties. It has become a hinderance, and frequent distraction to the court's ability to deliver a high quality of justice with all deliberate speed in these cases.

The court finds that the contents, volume, and timing of Dany Abouelkhier and Sandra Fernandez's filings lack any meritorious legal or factual substance. Even after being denied by this court, and the Massachusetts Court of Appeals, any relief that would offer them the right to participate as parties in either civil actions nos. 2182CV01044 or 2382CV0389, Dany Abouelkhier and Sandra Fernandez have engaged in a campaign of harassment by their attempts

---

[8] See pages 20 – 27, Ex. B which lists, since June of 2025, 33 outstanding motions by the non-parties and 22 "notices" that have been docketed. Additionally, there are several appeals that the non-parties have brought. At this time, there appears to be perhaps one active appeal.

to paper these cases to a slow, grinding halt. Their attempted filings are like sand in the gears that threaten to bring justice in these matters to a halt.

To serve the ends of justice for all parties, and to ensure access to this court by the rest of the public in addition to the other litigants in these cases, the court finds:

1. By severing all claims by or against Dany Abouelkhier and Sandra Fernandez (for herself and her minor child) and consolidating them all in 2582CV0364 against the same defendants as are in the 2382CV0389 tenant suit, and importing all the same claims and defenses, including Marina Bay's counterclaim for non-payment of rent, the non-parties' rights and defenses are all preserved. They are free to pursue them, or not, in the Superior Court. They have a remedy available to them should they chose to pursue one.[9]

2. Additionally, by severing the non-parties' claims into their own action, it will permit the construction suit and the tenants' suit to proceed in a reasonable and orderly fashion to a trial or other resolution.

3. In addition, Dany Abouelkhier shows little respect for the Superior Court and its rules. For example, he and Sandra Fernandez refuse to follow the Superior Court Rule 9A requirement of serving of their papers on all parties before attempting to file

---

[9] At the hearing on November 17, 2025, when his case was called, 2582CV00364, and the court invited him to step forward and address the court from the Plaintiff's table (and microphone), Abouelkhier stood where he was sitting and refused to come forward. He instead read from a paper stating that he was "pro se and he was there by special appearance and under a reservation of rights." While not clear what he meant, it appears that he was attempting to challenge the jurisdiction of the court. Given, however, the dozen upon dozen of filings he has made or attempted to made in this court and in these actions, even if there was a jurisdictional issue, which there is not, by his conduct, he has certainly waived it. He has made dozens and dozens of attempts to invoke this court's jurisdiction. Dany Abouelkhier has recently given papers to the court indicating that he does not recognize 2582CV00364 and refuses to participate in that suit. That is, of course, his choice not to participate. But he does not have a right to be a plaintiff in 2182CV01044 and further, unless or until the court were to certify a class of past or current tenants in 2382CV00389, he is not a party in that action. Though if the class is certified in that case he, like all other similarly situated persons, would stand to obtain the same relief, if any, recovered from that suit.

6

them with the court. Instead, they label everything as an "emergency" motion to by-pass the Rule 9A requirements. Moreover, Mr. Abouelkhier has shown growing disrespect to the court by refusing to obey the court's order to answer the counterclaim, participate in the joint status report ordered by this court in its October 10, 2025 Omnibus Order, and then at the November 17, 2025 hearing, on more than two occasions, he refused the court's invitation to come forward when his case was called to address the court and answer the court's questions. By segregating the non-parties' claims, the court can better control this case, the litigants. and manage its docket.

4. The parties in the other two actions have beseeched this court to take action stop the non-parties from interfering in the ongoing litigation and cause them to spent their clients' resources addressing non-substantive and often repetitive motions on matters that have been denied, appealed, and reconsidered and still denied.

5. On balance, this approach to sever the non-parties' claims permits the non-parties to have their day in court, should they decide to pursue it in accordance with this court's orders, the rules of the Superior Court and the Rules of Civil Procedure, while at the same time permitting the construction action and the tenants' action to move forward toward a resolution of those matters.

Now then the Court ORDERS:

## ORDER

Consistent with the verbal order provided to Abouelkhier and Sandra Fernandez on her own behalf and on behalf of her minor child in court on November 17, 2025 this court **ORDERS** that:

7

1. Dany Abouelkhier is a named plaintiff in 2582CV00364. Any pleadings, motions, notices or filings he may wish to make concerning his tenancy at Marina Bay Residences must be made, if at all, in civil action no. 2582CV00364. **Dany Abouelkhier is expressly prohibited by this court ORDER from attempting to file or asking to file or seeking to file any pleading, motion, paper, or notice in either civil action 2182CV01044 or civil action 2382CV00389.**

2. The court now adds Sandra Fernandez, on her own behalf and on behalf of the minor child K.F., as plaintiffs in civil action 2582CV00364. Their claims against Marina Bay Residence, Bozzuto Management Inc., and Delaney shall all be brought in the 2582CV00364 action. Any pleadings or filings they wish to make must be made, if at all in civil action no. 2582CV00364. **Sandra Fernandez on her own behalf and on behalf of her minor child are expressly prohibited by this court ORDER from attempting to file or asking to file or seeking to file any pleading, motion, paper, or notice in either civil action 2182CV01044 or civil action 2382CV00389.**

3. Any violation of this ORDER by the non-parties shall be considered a violation of a clear and direct COURT ORDER and may subject the violating party to the full range of court sanctions, including without limitation: initially, $100 fines for each violation to be increased by $25.00 per violation for a maximum fine of $1000should the court find a factual basis to conclude that the non-parties have engaged in continued violations of this ORDER, an award of attorneys' fees to each of the parties that are required to respond to any filing by the non-parties in 2182CV01044 or in 2382CV0389, and in addition, the court may Order dismissal of the non-parties'

8

claims in this action, with prejudice, or any other sanction available to the court to enforce its orders.

4. If there is any variation from the spoken order and this written order, it is this written order that shall govern.

SO ORDERED

/s/*Rosemary Connolly*
ROSEMARY CONNOLLY
Justice of the Superior Court

DATE: NOVEMBER 19, 2025

9