UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SANDRA FERNANDEZ DE**                          **Civil Docket No. 1:25-cv-12088-WGY**
**VILLAVICENCIO**, Pro Se

Plaintiff,

v.

**HINES INTERESTS LIMITED PARTNERSHIP;**
**MARINA BAY RESIDENCES, LLC;**
**BOZZUTO MANAGEMENT COMPANY;**

Defendants.

---

## SECOND AMENDED COMPLAINT AND JURY DEMAND

### I. NATURE OF THE ACTION

1. This is a civil rights action arising under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq., including 42 U.S.C. § 3617.

2. Plaintiff is an individual with a disability as defined by 42 U.S.C. § 3602(h), and is an aggrieved person within the meaning of 42 U.S.C. § 3602(i). This action arises from Defendants' conduct during Plaintiff's tenancy at Meriel Marina Bay in Quincy, Massachusetts.

3. During her tenancy, Plaintiff experienced recurring hazardous conditions in her unit, including water intrusion and mold, which she reported to Defendants. Plaintiff requested remediation of these conditions and reasonable accommodations related to her disability.

4. Plaintiff alleges that, in direct retaliation for and because of her protected activity under the Fair Housing Act—including her complaints regarding habitability conditions and requests

1

for reasonable accommodations—Defendants took adverse housing actions against her, including initiating eviction proceedings, refusing to renew her lease, and denying housing-related relief provided to other tenants in comparable circumstances.

5. Plaintiff further alleges that Defendants, through their agents and representatives, engaged in coercive and intimidating conduct interfering with Plaintiff's exercise of rights under the Fair Housing Act.

6. Plaintiff seeks declaratory, injunctive, and monetary relief for violations of federal law, including damages arising from loss of housing, economic harm, and emotional distress.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., including 42 U.S.C. § 3617.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including at Meriel Marina Bay in Quincy, Massachusetts.

9. This Court has personal jurisdiction over Defendants because the events giving rise to Plaintiff's claims occurred in Massachusetts at a residential property owned, operated, managed, and controlled by Defendants within this District, and Defendants directed the relevant housing-related conduct toward this forum.

2

### III. PARTIES

10. Plaintiff Sandra Fernandez is a natural person who, at all relevant times, resided in this District as a residential tenant at Meriel Marina Bay, a multi-unit residential property located at 552 Victory Road, Quincy, Massachusetts 02171, and is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).

11. Defendant Hines Interests Limited Partnership ("Hines") is a Texas limited partnership with its principal place of business in Houston, Texas. At all relevant times, Hines exercised ownership-level oversight and authority over operational and property-related decisions at Meriel Marina Bay, including leasing practices, tenant policies, and conditions of occupancy, including through coordination with property-level management entities responsible for implementation of leasing, maintenance, and tenant-related decisions at the property.

12. Defendant Marina Bay Residences, LLC is a Delaware limited liability company that owned and held title to Meriel Marina Bay in Quincy, Massachusetts. At all relevant times, Marina Bay Residences, LLC exercised ownership authority over leasing structure, occupancy decisions, and property conditions at the premises.

13. Defendant Bozzuto Management Company ("Bozzuto") is a Maryland corporation with its principal place of business in Greenbelt, Maryland. At all relevant times, Bozzuto managed and operated the day-to-day residential functions at Meriel Marina Bay, including tenant communications, maintenance coordination, leasing administration, and implementation of operational decisions affecting residents of the property located in this District.

14. At all relevant times, Defendants owned, operated, managed, and controlled Meriel Marina Bay in Quincy, Massachusetts.

3

**IV. FACTUAL ALLEGATIONS**

A. Tenancy and Property Background

15. Plaintiff Sandra Fernandez was a residential tenant at Meriel Marina Bay in Quincy, Massachusetts from approximately 2018 through October 15, 2024.

16. During her tenancy, Plaintiff resided in a residential unit and routinely communicated with property management regarding maintenance, repairs, and habitability conditions affecting the unit.

17. At all relevant times, Defendants owned, managed, and/or exercised control over Meriel Marina Bay, including authority over leasing decisions, maintenance operations, remediation decisions, and tenant communications.

B. Hazardous Conditions

18. Beginning in or around 2022 and continuing into 2023, Plaintiff's unit experienced recurring water intrusion and moisture accumulation, resulting in mold growth, including visible mold within the unit.

19. Defendants performed inspections and remediation work on multiple occasions; however, the conditions persisted and were not fully resolved.

20. During remediation periods, Plaintiff remained in the unit while construction and repair activity occurred, resulting in ongoing exposure to moisture, mold, and habitability disruptions.

C. Protected Activity and Accommodation Requests

21. Beginning in or around March 2023, Plaintiff submitted written complaints to Defendants regarding hazardous conditions in her unit.

4

22. Plaintiff continued submitting such complaints through 2024, including via email and tenant portal communications.

23. In connection with these complaints, Plaintiff requested:

a. remediation of hazardous conditions;

b. a safe and habitable living environment; and

c. temporary relocation during remediation.

24. Plaintiff requested a reasonable accommodation due to mold exposure and respiratory impairment that substantially limited major life activities, including breathing and sleeping.

25. Plaintiff's exposure to mold and moisture exacerbated her respiratory symptoms during occupancy and rendered continued residence without relocation medically unsustainable during remediation periods.

26. Plaintiff also notified local authorities, including the Health Department and Fire Department, regarding the conditions in her unit.

D. Defendants' Knowledge

27. Defendants had actual knowledge of Plaintiff's protected activity and accommodation requests through repeated written complaints, direct communications, and involvement of municipal authorities.

28. Defendants also had direct knowledge of ongoing habitability issues through inspections and remediation work conducted within the unit.

29. Despite this knowledge, the conditions were not permanently resolved.

E. Adverse Actions and Escalation

30. Following Plaintiff's protected activity, Defendants initiated eviction proceedings against Plaintiff in or around 2023.

31. A second eviction proceeding was initiated in or around 2024.

32. In or around May 2024, Defendants refused to renew Plaintiff's lease.

33. These adverse actions occurred after and during Plaintiff's protected activity and reflect an escalating pattern of adverse housing decisions during the relevant period.

34. Plaintiff alleges that Defendants' stated reasons for eviction and non-renewal were not the true basis for their actions, but were pretextual and occurred in temporal proximity to Plaintiff's repeated protected activity.

35. Plaintiff vacated the premises on or about October 15, 2024.

F. Disparate Treatment

36. On information available to Plaintiff, Defendants provided relocation assistance, concessions, or substantially similar water intrusion, mold, and remediation-related displacement conditions within Meriel Marina Bay or similarly situated units during the relevant period, while not providing comparable relief to Plaintiff despite similar reported conditions.

G. Coercion and Interference

37. During a housing-related discussion concerning Plaintiff's tenancy, a representative of Defendants, including counsel acting on their behalf, stated that Defendants were "investigating [Plaintiff] back home."

38. Plaintiff reasonably understood this statement as a coercive and intimidating act intended to deter her from exercising rights protected under the Fair Housing Act.

6

39. This statement was made during an ongoing dispute over Plaintiff's housing status and lease continuation, at a time when Defendants maintained authority over Plaintiff's continued occupancy and housing stability.

40. Viewed objectively, the statement was reasonably capable of deterring a tenant from exercising rights under the Fair Housing Act in connection with continued occupancy, housing conditions, and pursuit of legal or administrative remedies.

H. Causation

41. The sequence of events reflects that Plaintiff's protected activity—including repeated complaints, accommodation requests, and reporting of conditions to authorities—preceded and continued throughout Defendants' adverse housing actions.

42. These facts support a plausible inference that Plaintiff's protected activity was a motivating factor and the but-for cause of Defendants' adverse housing decisions affecting her tenancy.

## V. COUNTS

### COUNT I
**Retaliation in Violation of the Fair Housing Act, 42 U.S.C. § 3617**
**(Against All Defendants)**

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. This claim arises under the Fair Housing Act, 42 U.S.C. § 3617.

45. At all relevant times, Defendants owned, operated, managed, and/or controlled Meriel Marina Bay and acted through their agents, employees, representatives, and counsel acting within the scope of their authority.

7

**Protected Activity**

46. Beginning in or around early 2023, Plaintiff engaged in protected activity under the Fair Housing Act by submitting repeated written complaints to Defendants regarding hazardous conditions in her dwelling, including recurring water intrusion, moisture accumulation, and mold.

47. Plaintiff continued these complaints through 2024 via email and tenant portal communications.

48. Plaintiff also requested remediation of hazardous conditions, safe and habitable housing conditions, and temporary relocation during remediation.

49. In or around March–April 2023, Plaintiff requested a reasonable accommodation due to a respiratory impairment that substantially limited major life activities, including breathing and sleeping.

50. Plaintiff also reported these conditions to local authorities, including the Quincy Health Department and Quincy Fire Department.

**Defendants' Knowledge**

51. Defendants had actual knowledge of Plaintiff's protected activity and accommodation requests through written complaints, direct communications, property management interactions, and municipal involvement.

**Adverse Actions**

52. Following Plaintiff's protected activity, and during the same period in which Plaintiff continued engaging in such activity, Defendants took adverse actions against her, including:

  a. initiating eviction proceedings in or around 2023;

8

b. initiating a second eviction proceeding in or around May 2024;

c. refusing to renew Plaintiff's lease in or around May 2024;

d. denying housing-related relief, including relocation or concessions, while providing comparable relief to similarly situated tenants; and

e. maintaining unresolved or recurring habitability conditions after notice.

53. These actions occurred after and during Plaintiff's protected activity and reflect an escalating pattern of adverse housing decisions affecting Plaintiff's tenancy.

**Causation**

54. The timing, sequence, and continuity of events support a plausible inference that Plaintiff's protected activity was a motivating factor in Defendants' adverse housing actions.Harm

55. Plaintiff suffered loss of housing, economic damages, relocation costs, physical harm including aggravation of respiratory conditions, and emotional distress, all to be proven at trial.

**Violation**

56. Defendants retaliated against Plaintiff for engaging in protected activity, in violation of 42 U.S.C. § 3617.

57. Defendants are vicariously liable for the acts of their agents, employees, representatives, and counsel acting within the scope of their authority, including acts they authorized, participated in, or ratified.

## COUNT II
## Interference, Coercion, and Intimidation in Violation of the Fair Housing Act, 42 U.S.C. § 3617
## (Against All Defendants)

58. Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59. This claim arises under the Fair Housing Act, 42 U.S.C. § 3617.

60. At all relevant times, Defendants owned, operated, managed, and/or controlled Meriel Marina Bay and acted through their agents, employees, representatives, and counsel acting within the scope of their authority.

### Protected Rights

61. Plaintiff exercised rights protected under the Fair Housing Act by reporting hazardous housing conditions, requesting remediation, requesting reasonable accommodation, and opposing unequal treatment in connection with the terms and conditions of her tenancy.

### Coercive and Intimidating Conduct

62. During a housing-related discussion concerning Plaintiff's tenancy, a representative of Defendants' property management and counsel, stated that Defendants were "investigating [Plaintiff] back home."

63. The statement was made in connection with Plaintiff's ongoing housing status, including lease renewal and continued occupancy, while Defendants maintained control over Plaintiff's housing stability.

64. The statement was not necessary to any legal claim or defense and occurred in the context of Defendants' authority over Plaintiff's tenancy. The statement was not made in furtherance of litigation, dispute resolution, or any asserted legal claim.

10

65. The statement was made in the context of Plaintiff's housing status and continued occupancy while Defendants maintained authority over her housing stability.

**Interference with Protected Rights**

66. Viewed objectively and in context, the statement was reasonably capable of deterring a tenant from exercising rights protected under the Fair Housing Act, including reporting unsafe conditions, requesting accommodations, and pursuing legal or administrative relief.

67. The conduct therefore constitutes coercion, intimidation, and interference with protected rights under 42 U.S.C. § 3617.

**Causation and Context**

68. The coercive conduct occurred during an ongoing period in which Plaintiff was actively engaging in protected activity and Defendants maintained authority over Plaintiff's housing status, including lease renewal and eviction-related decisions.

**Independent Nature of Claim**

69. The interference alleged in this Count is based on Defendants' coercive and intimidating conduct that was capable of deterring Plaintiff from exercising rights protected under the Fair Housing Act, independent of any eviction or lease-related decision.

**Harm**

70. Plaintiff suffered emotional distress, loss of housing stability, and related damages to be proven at trial.

**Violation**

71. Defendants interfered with, coerced, and intimidated Plaintiff in the exercise and enjoyment of rights protected under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

11

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sandra Fernandez respectfully requests that this Court enter judgment in her favor and award the following relief:

**a. Declaratory Relief:** A declaration that Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., including 42 U.S.C. § 3617, by engaging in unlawful housing practices, failing to provide reasonable accommodation, and retaliating against Plaintiff for exercising rights protected under federal housing law.

**b. Compensatory Damages:** Compensatory damages pursuant to 42 U.S.C. § 3613(c)(1), including but not limited to: out-of-pocket housing and relocation expenses; increased housing costs resulting from displacement; loss of use and enjoyment of the dwelling; and emotional distress and loss of housing stability; all in an amount to be determined at trial.

**c. Punitive Damages:** Punitive damages pursuant to 42 U.S.C. § 3613(c)(1), based on Defendants' reckless indifference to Plaintiff's federally protected rights and/or conduct demonstrating malice, willful disregard of known housing conditions, and interference with Plaintiff's exercise of Fair Housing Act rights.

**d. Costs and Attorneys' Fees:** Costs of this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2).

**e. Injunctive and Equitable Relief:** Such injunctive and equitable relief as is authorized under 42 U.S.C. § 3613(c)(1) and the Fair Housing Act, including orders necessary to: prevent further violations of federal housing rights; ensure compliance with the Fair Housing Act; and remedy and deter retaliation and coercion in housing practices.

**f. Other Relief:** Such other and further relief as this Court deems just and proper.

12

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable pursuant to Rule 38 of the Federal

Rules of Civil Procedure.


Respectfully submitted,

Sandra Fernandez De Villavicencio,
Pro Se Plaintiff

550 Liberty St. Unit 905
Braintree, MA 02184

Tel: (617) 806 6566

Email: sandreva14@yahoo.com

Date: April 17, 2026

**By: Sandra Fernandez De Villavicencio**



*/s/ Sandra Fernandez De Villavicencio*
    Sandra Fernandez De Villavicencio

13

## CERTIFICATE OF SERVICE

I hereby certify that I will serve a true and correct copy of the foregoing Second Amended

Complaint, together with the summons issued by the Clerk of Court, on counsel for Defendants

in accordance with Federal Rule of Civil Procedure 4.

| | |
|---|---|
| **HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC,** | **BOZZUTO MANAGEMENT COMPANY,** |
| Daniel P. Dain, BBO# 632411<br>Kate Moran Carter, BBO# 663202<br>Dain, Torpy, Le Ray, Wiest & Garner, P.C.<br>175<br>Federal Street, Suite 1500<br>Boston, MA 02110<br>ddain@daintorpy.com<br>kcarter@daintorpy.com<br>P: (617) 542-4800 | Ted Papadopoulos, BBO# 671506<br>AMPS Law, P.C.<br>304 Cambridge Road, Suite 440<br>Woburn, MA 01801<br>ted@ampslaw.com<br>P: (781) 756-6600<br>F: (888) 756-6680 |

**By: Sandra Fernandez De Villavicencio**
Pro Se Plaintiff,
Date: April 17, 2026

*/s/ Sandra Fernandez De Villavicencio*
    Sandra Fernandez De Villavicencio

14