**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

SANDRA FERNANDEZ DE VILLAVICENCIO,
PRO SE,

Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP,
MARINA BAY RESIDENCES, LLC, BOZZUTO
MANAGEMENT COMPANY,

Defendants.

**CASE NO.:** 1:25-cv-12088-WGY

---

**DEFENDANTS' RENEWED FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS**
**SANDRA FERNANDEZ VILLAVICENCIO'S SECOND AMENDED COMPLAINT**

Defendants Hines Interests Limited Partnership, Marina Bay Residences, LLC, and Bozzuto Management Company (together, the "Defendants") move to dismiss the Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendants renew their motion to dismiss filed on February 4, 2026, and principally rely on the Memorandum they filed in support of that motion. Although the SAC drops the count under the Americans with Disabilities Act, the remaining two counts are nearly identical to those stated in the First Amended Complaint, suffer from the same deficiencies, and should be dismissed.

This motion won't repeat the procedural background as recounted in the February 4 Memorandum, other than to note that these claims from the Plaintiff are part of a sprawling litigation effort that spans across three different Superior Court actions, multiple Appeals Court and Supreme Judicial Court matters, and well over 100 different filings – dismissal here will not deprive Plaintiff of her day in court; she has taken full advantage of the court system.

## I.    Plaintiff has again failed to adequately allege the essential elements of a claim under the Fair Housing Act.

The SAC's two counts under Section 3617 of the Fair Housing Act, like the nearly identical counts in the First Amended Complaint, should be dismissed because they fail to allege essential elements required to state a claim under the Act. Specifically, the SAC alleges no facts that Fernandez is a member of a protected class or that any alleged conduct by Defendants was motivated by such status. *See Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009), *Valentin v. Town of Natick*, 633 F. Supp. 3d 366, 374 (D. Mass. 2022), *S. Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass 2010); *Peoples Helpers, Inc. v. City of Richmond*, 789 F. Supp. 725, 731 (E.D. Va. 1992).

Absent these allegations, her FHA claims fail as a matter of law and must be dismissed. *See Dickey v. City of Boston*, 405 F. Supp. 3d 195, 200 (D. Mass. 2019) (dismissing complaint where plaintiff failed to "proffer any evidence" of intent to discriminate based on protected class); *Alvarez v. City of Philadelphia*, 2024 WL 3606347, *4 (E.D. Pa., July 31, 2024) (dismissing complaint where plaintiff failed to allege protected class membership or discriminatory treatment, deficiencies "fatal" to FHA retaliation claim).

## II.    The SAC is untimely and should be dismissed.

Defendants also ask the Court to reject the SAC as untimely. Although the Court granted Plaintiff's request for an extension through April 17, 2026, Plaintiff did not file the SAC until April 20. While only a few days late, the missed deadline is consistent with this Plaintiff's broader disregard for the judicial process, as outlined in Defendants' February 4 Memorandum, and is not excused by her *pro se* status. Indeed, Defendants have still not been served with any of the three complaints, now nine months after the initial filing. In the meantime, Defendants have been forced to expend enormous resources responding to Fernandez's continued abuse of the

2

litigation process in this Court, in three separate Massachusetts Superior Court actions, and in a series of filings directly with the Massachusetts Appeals Court and Supreme Judicial Court. Despite having had three opportunities to state a viable claim in this action, Fernandez has failed to do so each time.

## III.    Conclusion.

Accordingly, for the substantive reasons set forth above and in Defendants' February 4 memorandum in support of their motion to dismiss the First Amended Complaint, the SAC should be dismissed with prejudice.

Respectfully submitted by:

| HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC, | BOZZUTO MANAGEMENT COMPANY, |
|---|---|
| By its attorneys, | By its attorney, |

*/s/ Daniel P. Dain*

_____
Daniel P. Dain, BBO# 632411
Kate Moran Carter, BBO# 663202
Dain, Torpy, Le Ray, Wiest & Garner, P.C.
175 Federal Street, Suite 1500
Boston, MA 02110
ddain@daintorpy.com
kcarter@daintorpy.com
P: (617) 542-4800

*/s/ Ted Papadopoulos*

Ted Papadopoulos, BBO# 671506
AMPS Law, P.C.
304 Cambridge Road, Suite 440
Woburn, MA 01801
ted@ampslaw.com
P: (781) 756-6600
F: (888) 756-6680

## CERTIFICATE OF SERVICE

I, Daniel P. Dain, hereby certify that on this1st day of May, 2026, I served a copy of the foregoing document on plaintiff via email.

*/s/ Daniel P. Dain*

_____

Daniel P. Dain

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Daniel P. Dain, hereby certify that I directed my associate, Sarah McHale, to make a good-faith effort to initiate a Local Rule 7.1(a)(2) conference with Ms. Fernandez de Villavicencio prior to the filing of this Motion. On April 29, 2026, Ms. McHale left a voicemail for Ms. Fernandez requesting a return call. She also sent an email to Ms. Fernandez requesting a conference, outlining her availability, and inviting Ms. Fernandez to propose alternative dates and times if those provided were not convenient. Ms. McHale further advised that, absent a response, our office would proceed with filing this Motion to Dismiss. Despite these efforts, as of the date of this Motion, we have received no response from Ms. Fernandez.

*/s/ Daniel P. Dain*

_____

Daniel P. Dain