UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDRA FERNANDEZ DE
VILLAVICENCIO, Pro Se
Plaintiff,

Civil Docket No. 1:25-cv-12088-WGY

v.

HINES INTERESTS LIMITED PARTNERSHIP;
MARINA BAY RESIDENCES, LLC;
BOZZUTO MANAGEMENT COMPANY;
Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff Sandra Fernandez de Villavicencio ("Plaintiff") respectfully submits this Opposition to Defendants' Renewed Motion to Dismiss the Second Amended Complaint ("SAC") pursuant to **Fed. R. Civ. P. 12(b)(6)**.

This action arises under **42 U.S.C. § 3617** of the Fair Housing Act ("FHA") and concerns alleged retaliation and interference following Plaintiff's complaints regarding housing conditions and disability-related accommodation requests connected to respiratory impairment.

The operative SAC alleges that Plaintiff repeatedly complained regarding mold, water intrusion, ventilation deficiencies, and remediation conditions affecting her residential unit; requested disability-related accommodation relief connected to respiratory impairment; and thereafter experienced adverse housing actions, including lease non-renewal, eviction proceedings, denial of relocation-related assistance, and interference with continued housing rights.

At the pleading stage, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. Under that standard, the SAC plausibly states claims under **42 U.S.C. § 3617**.

Defendants' motion largely challenges factual inferences, evidentiary sufficiency, and the ultimate merits of Plaintiff's allegations. Those issues are not properly resolved on a motion to dismiss.

## I. LEGAL STANDARD

To survive a motion to dismiss under **Fed. R. Civ. P. 12(b)(6)**, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible where the pleaded factual content permits the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. See *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007).

The First Circuit applies a two-step framework in evaluating plausibility under **Rule 12(b) (6)**. The Court first disregards conclusory legal allegations and then determines whether the remaining well-pleaded factual allegations plausibly support an entitlement to relief. See *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71 (1st Cir. 2014); Also see *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

At the **Rule 12(b)(6)** stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. The Court does not weigh evidence, resolve factual disputes, or determine the ultimate merits of the claims. See *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555–56 (2007); *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013). Because Plaintiff proceeds pro se, the complaint must also be construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### II. THE SECOND AMENDED COMPLAINT IS THE OPERATIVE PLEADING

The SAC supersedes prior pleadings and constitutes the operative complaint before the Court. See *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003).

The SAC narrows the action to **FHA § 3617** claims and alleges disability-related protected status, protected housing activity, adverse housing actions, alleged differential treatment, and causation. See SAC ¶¶ 1–6, 21–28, 30–42, 46–57, 61–71.

Defendants characterize the SAC as substantially similar to prior pleadings. The operative SAC does not support that characterization. Unlike prior pleadings, the SAC expressly alleges a respiratory impairment substantially affecting breathing and sleeping, SAC ¶¶ 2, 24, 49; disability-related accommodation requests tied to remediation conditions, SAC ¶¶ 23–25, 48–49; repeated complaints regarding mold, water intrusion, ventilation deficiencies, and habitability concerns, SAC ¶¶ 18, 21–22, 46–47; and adverse housing actions allegedly following those activities, SAC ¶¶ 30–42, 52–55.

Defendants' renewed motion principally incorporates arguments directed to superseded pleadings and repeatedly characterizes the SAC as "substantially similar" to earlier complaints. Rule 12(b)(6) review, however, must focus on the operative pleading presently before the Court. The SAC materially narrows the action and expressly alleges protected FHA activity, disability-related accommodation requests, adverse housing actions, and causation under **§ 3617**.

Accordingly, the Court's **Rule 12** analysis should focus on the allegations contained within the operative SAC rather than superseded pleadings or collateral procedural history.

### III. THE SAC PLAUSIBLY ALLEGES FHA-PROTECTED ACTIVITY

To state a claim under **42 U.S.C. § 3617**, Plaintiff must plausibly allege that she engaged in activity protected under the Fair Housing Act, that Defendants knew of the protected activity, and that Defendants thereafter engaged in conduct constituting retaliation, coercion, intimidation, or interference causally connected to Plaintiff's exercise of FHA-protected rights. See *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010).

The SAC alleges that Plaintiff repeatedly complained regarding mold, water intrusion, ventilation deficiencies, and conditions affecting the habitability of her unit.SAC ¶¶ 18, 21–22, 46–47. Plaintiff further alleges that she requested remediation, repairs, and temporary relocation during remediation due to respiratory impairment affecting breathing and sleeping. SAC ¶¶ 23–25, 48–49. The SAC also alleges that Plaintiff contacted municipal authorities regarding habitability and safety concerns. SAC ¶¶ 26, 50.

The SAC further alleges Defendants' knowledge of those activities through written communications, inspections, remediation activity, property-management interactions, and municipal involvement. SAC ¶¶ 27–28, 51.

Plaintiff's allegations concern the exercise of rights relating to the terms, conditions, safety, habitability, and continued occupancy of residential housing governed by the **Fair Housing Act**. The First Circuit and courts within this District recognize that requests for reasonable accommodation and opposition to allegedly discriminatory housing practices may constitute

protected activity under **42 U.S.C. § 3617**. See *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010).

At the pleading stage, those allegations plausibly support protected activity under **§ 3617**.

## IV. THE SAC PLAUSIBLY ALLEGES DISABILITY STATUS AND DISABILITY-RELATED PROTECTED ACTIVITY

Defendants contend that Plaintiff failed to allege disability-related protected status or accommodation-related requests. The SAC alleges both.

The SAC expressly alleges that Plaintiff is an individual with a disability within the meaning of **42 U.S.C. § 3602(h)**. SAC ¶ 2. The SAC further alleges a respiratory impairment substantially limiting major life activities, including breathing and sleeping. SAC ¶¶ 24, 49.

The SAC also alleges that Plaintiff repeatedly notified Defendants that mold exposure, water intrusion, and remediation conditions adversely affected her respiratory health and safety. SAC ¶¶ 21–25, 47–49. Plaintiff further alleges that she requested temporary relocation during remediation because remediation conditions aggravated respiratory impairment affecting breathing and sleeping. SAC ¶¶ 23–25, 48–49.

The SAC alleges not merely ordinary maintenance disputes, but alleged interference with Plaintiff's continued equal use and enjoyment of residential housing in connection with disability-related accommodation requests tied to respiratory impairment.

Defendants rely in part on *Valentin v. Town of Natick*, 633 F. Supp. 3d 366, 374 (D. Mass. 2022), and *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010), to challenge the sufficiency of Plaintiff's claim under **42 U.S.C. § 3617**. Those authorities do not warrant dismissal where the operative complaint plausibly alleges FHA-

protected activity followed by adverse housing actions causally connected to the exercise of protected rights.

Section **3617** expressly protects individuals who are retaliated against or interfered with because they exercised rights protected under the **FHA**. Plaintiff's allegations concerning disability-related accommodation requests and housing-condition complaints fall within that framework.

In addition, Plaintiff alleges that she assisted other tenants in raising concerns regarding housing conditions at the property. SAC ¶ 56. Section 3617 protects individuals who aid or encourage others in the exercise or enjoyment of rights protected under the Fair Housing Act. See *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010). These allegations further support Plaintiff's claim that she engaged in activity protected under the **FHA**.

At **Rule 12**, Plaintiff is not required to prove disability, establish evidentiary comparators, or submit documentary proof supporting the SAC. The issue is plausibility, not evidentiary sufficiency.

## V. THE SAC PLAUSIBLY ALLEGES ADVERSE HOUSING ACTIONS AND CAUSATION

The SAC alleges that after and during Plaintiff's protected activity, Defendants initiated eviction proceedings, SAC ¶¶ 30–31, 52(a)–(b); refused to renew Plaintiff's lease, SAC ¶¶ 32, 52(c); denied relocation-related assistance allegedly provided to tenants occupying **Unit 227** during comparable remediation conditions, SAC ¶¶ 36, 52(d); halted remediation-related

assistance and maintenance activity, SAC ¶¶ 19, 29, 52(e); and ultimately caused Plaintiff to lose her housing, SAC ¶¶ 35, 55..

The SAC further alleges that tenants occupying **Unit 227** were relocated to alternative housing accommodations during remediation activities, while Plaintiff was denied comparable relocation assistance despite similar remediation and environmental conditions affecting her unit. SAC ¶¶ 36, 52(d)–(e). At the pleading stage, these allegations plausibly support an inference of differential treatment.

The SAC alleges a continuing sequence in which Plaintiff repeatedly complained of housing conditions, requested disability-related accommodation relief, and contacted municipal authorities, after which Defendants allegedly escalated adverse housing actions including eviction proceedings, lease non-renewal, denial of relocation-related assistance, and cessation of remediation-related support. SAC ¶¶ 18–42, 46–57.

Taken as true, the SAC plausibly alleges that after Plaintiff repeatedly complained of housing conditions, requested disability-related accommodation, and engaged in **FHA**-protected activity, Defendants denied relocation benefits allegedly afforded to other tenants , materially interfered with Plaintiff's continued housing rights, and ultimately declined to renew Plaintiff's tenancy, thereby supporting a reasonable inference of retaliation and causation at the pleading stage.

At minimum, the SAC alleges factual disputes concerning motive, differential treatment, and the sequence of events that cannot appropriately be resolved prior to factual development.

Defendants arguments largely challenge the evidentiary sufficiency of Plaintiff's allegations. At the pleading stage, however, Plaintiff is not required to prove discriminatory intent, establish

a prima facie evidentiary case, or submit documentary evidence supporting the allegations in the complaint. See *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013).

Defendants' reliance on *Dickey v. City of Boston*, 405 F. Supp. 3d 195 (D. Mass. 2019), is misplaced because Dickey was decided on summary judgment following factual development and discovery. At the **Rule 12(b)(6)** stage, the Court must accept Plaintiff's well-pleaded allegations as true and may not resolve competing factual inferences or weigh Defendants' alternative explanations for the challenged housing actions.

## VI. THE SAC PLAUSIBLY ALLEGES INTERFERENCE UNDER 42 U.S.C. § 3617

Section **3617** prohibits coercion, intimidation, threats, or interference with the exercise or enjoyment of rights protected by the **FHA**.

The SAC alleges that during an ongoing housing-related dispute concerning Plaintiff's tenancy and continued occupancy, a representative of Defendants stated that Defendants were "investigating [Plaintiff] back home." SAC ¶¶ 37, 62–63.

The SAC further alleges that the statement was made during an ongoing dispute concerning Plaintiff's tenancy, housing complaints, and disability-related accommodation requests. SAC ¶¶ 37–40, 62–69.

Viewed objectively and in context, the SAC alleges conduct capable of discouraging a reasonable tenant from continuing to pursue housing-related complaints or **FHA**-protected activity. The SAC additionally alleges that the statement occurred outside ordinary property-management communications and formal judicial proceedings.

Construed in Plaintiff's favor, those allegations are sufficient to support a **§ 3617** interference claim at the **Rule 12** stage.

## VII. DEFENDANTS' PROCEDURAL ARGUMENTS DO NOT WARRANT DISMISSAL

Defendants additionally argue that the SAC was untimely.

Plaintiff sought an extension, experienced technical filing difficulties, and the Court subsequently granted the extension request while acknowledging the SAC filing on the docket. Under these circumstances, dismissal based upon a brief filing variance would be inappropriate absent material prejudice.

Defendants also reference Local **Rule 7.1** communications. Plaintiff was temporarily away when counsel attempted contact, and certain electronic communications were inadvertently routed to a spam filter. Plaintiff subsequently communicated with counsel and had previously advised counsel regarding electronic delivery issues affecting prior communications. In any event, the parties' inability to resolve the dispute informally does not alter the **Rule 12(b)(6)** analysis governing the sufficiency of the SAC.

Defendants also raise delayed service. Plaintiff's pending in forma pauperis application affected the timing of formal service and the issuance of summons, and the Court subsequently authorized issuance of summons and service through the United States Marshals Service. See **28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).**

Defendants nevertheless appeared and challenged the operative pleading on the merits. They identify no material prejudice arising from the service posture.

## VIII. DISMISSAL WITH PREJUDICE WOULD BE IMPROPER

Dismissal with prejudice is disfavored where amendment may cure alleged pleading deficiencies and futility has not been established. See *Ezell v. Lexington Ins. Co.*, 335 F. Supp. 3d 91, 97 (D. Mass. 2018).

The SAC reflects a substantial effort to narrow and restructure the action following the Court's prior order permitting amendment. The operative SAC removes prior claims and defendants, focuses on § 3617, and pleads disability-related protected status, protected housing activity, adverse housing actions, alleged differential treatment, and causation. SAC ¶¶ 1–6, 21–28, 30–42, 46–57, 61–71.

Because the SAC plausibly states claims under § 3617, dismissal should be denied. At minimum, dismissal with prejudice would be inappropriate at this pleading stage. If the Court determines that any allegation requires further clarification, any such issue would concern pleading specificity rather than legal futility.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Renewed Motion to Dismiss the Second Amended Complaint.

Respectfully submitted,

Sandra Fernandez De Villavicencio,
Pro Se Plaintiff

550 Liberty St. Unit 905
Braintree, MA 02184
Tel: (617) 806 6566
Email: sandreva14@yahoo.com
Date: May 19, 2026
**By: Sandra Fernandez De Villavicencio**

*/s/Sandra Fernandez De Villavicencio*
Sandra Fernandez De Villavicencio

## CERTIFICATE OF SERVICE

I hereby certify that on May 19th, 2026, I served this Memorandum and the accompanying Motion on all counsel of record via PACER and email.

| | |
|---|---|
| **HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC,** | **BOZZUTO MANAGEMENT COMPANY,** |
| Daniel P. Dain, BBO# 632411<br>Kate Moran Carter, BBO# 663202<br>Dain, Torpy, Le Ray, Wiest & Garner, P.C. 175<br>Federal Street, Suite 1500<br>Boston, MA 02110<br>ddain@daintorpy.com<br>kcarter@daintorpy.com<br>P: (617) 542-4800 | Ted Papadopoulos, BBO# 671506<br>AMPS Law, P.C.<br>304 Cambridge Road, Suite 440<br>Woburn, MA 01801<br>ted@ampslaw.com<br>P: (781) 756-6600<br>F: (888) 756-6680 |

By: **Sandra Fernandez De Villavicencio**
Pro Se Plaintiff,

*/s/Sandra Fernandez De Villavicencio*
Sandra Fernandez De Villavicencio

11