UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDRA FERNANDEZ DE                             Civil Docket No. 1:25-cv-12088-WGY
VILLAVICENCIO, Pro Se

Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP;
MARINA BAY RESIDENCES, LLC;
BOZZUTO MANAGEMENT COMPANY;

Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO FILE A REPLY BRIEF

Plaintiff Sandra Fernandez De Villavicencio respectfully opposes Defendants' Request for

Leave to File a Reply Brief.

Defendants' request should be denied because their proposed reply is not limited to

responding to arguments raised in Plaintiff's opposition. Instead, Defendants expressly state that

the proposed reply addresses a **"new and independent basis for dismissal"** based on an alleged

failure to serve the Second Amended Complaint under Fed. R. Civ. P. 4(m) and Local Rule 4.1.

That is not a proper use of a reply brief.

1

## MEMORANDUM OF LAW

### I. Defendants Seek to Use a Reply Brief to Introduce a New Independent Dismissal Ground

Under District of Massachusetts Local Rule 7.1(b)(3), additional papers, including reply briefs, may be submitted only with leave of Court. The rule provides that after the motion and opposition, "all other papers," including reply briefs, require leave of Court.

Here, Defendants are not merely asking to clarify an issue already presented in their pending Motion to Dismiss. Their request expressly admits that the proposed reply introduces a **"new and independent basis for dismissal"** based on service.

If Defendants seek dismissal based on service of process, that issue should be raised, if at all, through a procedurally proper motion or request under the applicable service rules, not inserted into the record through a reply brief after Plaintiff filed her opposition to the pending motion.

Allowing the proposed reply would require Plaintiff to address a new service-based dismissal theory without the ordinary opportunity to present the service record, any good-cause showing, any excusable-neglect showing, and any appropriate request for enlargement of time under the rules.

### II. Defendants' Proposed Reply Seeks Relief Beyond the Proper Scope of a Reply

Defendants' proposed reply asks that the Second Amended Complaint be dismissed **with prejudice**, based in part on their newly raised service argument.

That requested relief is overbroad in this procedural posture. Federal Rule of Civil Procedure 4(m) provides that, if service is not made within the required time, the Court, after notice to the plaintiff, must either dismiss the action **without prejudice** or order that service be made within a specified time; The Rule also permits extensions of time for service where appropriate.

District of Massachusetts Local Rule 4.1 also identifies a specific, separate procedure for a pro se party seeking to show good cause for failure to complete service within the Rule 4(m) period: a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit.

Plaintiff does not use this opposition to brief the service issue on the merits, and Plaintiff does not concede that Defendants' characterization of the service record is correct. Plaintiff objects to Defendants' attempt to raise a new service-based dismissal theory through a reply brief and to seek with-prejudice dismissal without proper motion practice.

III. Defendants Have Not Shown That the Proposed Reply Is Necessary to Assist the Court

Defendants contend that their proposed reply would assist the Court by addressing the Fair Housing Act issues. However, those substantive pleading issues have already been briefed through Defendants' renewed Motion to Dismiss and Plaintiff's opposition.

The proposed reply largely reargues the merits while adding a separate, un-briefed service-based dismissal theory. It also includes collateral characterizations of Plaintiff's filings in other proceedings and describes this federal action as a "new front." Those statements do not justify additional briefing and do not assist the Court in deciding whether the Second Amended Complaint states a claim.

Plaintiff does not use this filing to re-brief the merits. Plaintiff objects to Defendants' effort to expand the pending motion, introduce a new independent dismissal ground, and add collateral accusations through a reply brief.

IV. Alternative Request for Leave to File a Limited Sur-Reply

If the Court grants Defendants leave to file the proposed reply, Plaintiff respectfully requests leave to file a short sur-reply within fourteen days, limited to the new matters raised in the proposed reply, including the service-of-process issue and any new authorities or arguments raised for the first time.

If the Court intends to consider service of process as a potential basis for dismissal, Plaintiff respectfully requests a fair opportunity to address the service record and, if necessary, seek appropriate relief under Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 6(b), and Local Rule 4.1.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**DENY** Defendants' Request for Leave to File a Reply Brief;

in the alternative, if the Court allows Defendants' proposed reply,

**GRANT** Plaintiff fourteen days to file a limited sur-reply; and grant such further relief as is just and proper.

Respectfully submitted,

Sandra Fernandez De Villavicencio,
Pro Se Plaintiff

550 Liberty St. Unit 905
Braintree, MA 02184

Tel: (617) 806 6566

Email: sandreva14@yahoo.com

Date: July 6th, 2026

**By: Sandra Fernandez De Villavicencio**

*/s/ Sandra Fernandez De Villavicencio*
Sandra Fernandez De Villavicencio

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 6th, 2026, I served this Memorandum and the accompanying Motion on all counsel of record via PACER and email.

**HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC,**

Daniel P. Dain, BBO# 632411
Kate Moran Carter, BBO# 663202
Dain, Torpy, Le Ray, Wiest & Garner, P.C.
175
Federal Street, Suite 1500
Boston, MA 02110
ddain@daintorpy.com
kcarter@daintorpy.com
P: (617) 542-4800

**BOZZUTO MANAGEMENT COMPANY,**

Ted Papadopoulos, BBO# 671506
AMPS Law, P.C.
304 Cambridge Road, Suite 440
Woburn, MA 01801
ted@ampslaw.com
P: (781) 756-6600
F: (888) 756-6680

**By: Sandra Fernandez De Villavicencio**
Pro Se Plaintiff,

_/s/ Sandra Fernandez De Villavicencio_
Sandra Fernandez De Villavicencio