**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SANDRA FERNANDEZ DE VILLAVICENCIO, PRO SE, <br><br> Plaintiff, <br><br> v. <br><br> HINES INTERESTS LIMITED PARTNERSHIP, MARINA BAY RESIDENCES, LLC, BOZZUTO MANAGEMENT COMPANY, <br><br> Defendants. | **CASE NO.:** 1:25-cv-12088-WGY <br><br> **Leave to file granted on July 20, 2026.** |

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

In the time since defendants filed their initial Motion to Dismiss the Second Amended Complaint, plaintiff Fernandez missed the deadline for actually serving her complaint, plus the additional 14 days provided under Local Rule 4.1 to show good cause, more than ten months after she filed her original complaint, on behalf of her minor child, in this Court. This is a new and independent basis for dismissing her action.

As for the merits of the Second Amended Complaint, Fernandez's opposition brief helps focus the motion to dismiss inquiry on whether her allegation, appearing for the first time in the Second Amended Complaint, that plaintiff had a "respiratory impairment," is sufficient to bring plaintiff within a class protected by the Fair Housing Act. The bare allegation is not sufficient, and the Second Amended Complaint is similarly lacking in showing any nexus between defendant Marina Bay Residences bringing a summary process action against plaintiff (after she had not paid rent in a year and had held over in her unit months after her lease expired) and the alleged "respiratory impairment."

For each of these reasons, including the reasons raised in the defendants' initial Memorandum, the Second Amended Complaint should be dismissed, with prejudice.

**A.      More than ten months after her initial filing, plaintiff still has not served any of the defendants.**

Plaintiff filed her initial complaint, on behalf of her minor child, with this Court on July 30, 2025. The Court dismissed the complaint on its own initiative the very next day, with leave to file an amended complaint if Fernandez had any claims of her own. She did so on August 29, 2025, along with an Application to Proceed in District Court Without Prepaying Fees or Costs. On February 4, 2026, Defendants moved to dismiss on the merits and also noted that the complaint had not been served. On March 3, 2026, this Court issued an order directing that by April 3, plaintiff either respond to the motion to dismiss or file a second amended complaint, and that "Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to plaintiff." The summonses issued that same day, March 3; 90 days from March 3 is June 1. Any effort to show good cause for missing this deadline must be filed within 14 days of the expiration of the 90 days under Local Rule 4.1, which would get plaintiff to June 15. That date has now passed, and plaintiff has not served any of the defendants and has not made any showing of good cause for this further delay.

In this circumstance, under Local Rule 4.1, dismissal is supposed to be automatic. More than ten months after plaintiff's initial filing, the dismissal of plaintiff's third attempt at a complaint should be with prejudice, both because of this delay and because the complaint still does not state a cause of action.

2

**B.    "Respiratory impairment" is not a properly pleaded FHA-protected class.**

As already noted, Fernandez (and her partner) filed so many motions and "notices" across three separate Superior Court actions, and in the Massachusetts Appeals Court and the Supreme Judicial Court against defendants (over 140 just by Fernandez) that the Superior Court described it as a "campaign of harassment." This federal action then ensued as a new front by the plaintiff.

Across all those filings, including the first two complaints here, Fernandez never once claimed that she had a disability (she certainly never told defendants) or mentioned anything about a "respiratory impairment." Finally, having had her initial pleading in this Court dismissed and facing a motion to dismiss of her first amended complaint, Fernandez alleged in the second amended complaint that she has a "respiratory impairment," with no further explanation. The Second Amended Complaint also does not specifically allege that defendants took any adverse action as a result of plaintiff's alleged disability.

To prevail on a claim under § 3617 of the Fair Housing Act, a plaintiff must plausibly allege that she is a member of a protected class under the Fair Housing Act. *Valentin v. Town of Natick*, 633 F. Supp. 3d 366, 374 (D. Mass. 2022) (listing members in an FHA-protected class as the first element in a claim under § 3617); *S. Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010) (same). Here, Plaintiff asserts that she suffers from a "respiratory impairment," which she contends constitutes a "handicap" under § 3602(h) of the FHA. However, to state a claim under the FHA, a plaintiff must do more than label herself as disabled. *Fedynich v. Boulder Hous. Partners*, 2020 WL 5371352, *8 (E.D. Va. Sept. 8, 2020) (plaintiff's failure to name its alleged medical condition was ground for dismissal), *aff'd*, 2023 WL 1814208 (4th Cir. Feb. 8, 2023). The mere mention of a health issue, or specifically a "respiratory" issue, is not a plausible allegation of a qualifying "handicap" as defined by 42 U.S.C. § 3602(h)—meaning a physical or mental impairment that substantially

limits one or more major life activities. *See, e.g., Abdelrasoul v. Trs. of Bos. Univ.*, 761 F. Supp. 3d 263, 267 (D. Mass. 2024) (granting motion to dismiss claims under FHA due to failure to plead a qualifying handicap, and rejecting as insufficient "[a] factually barren statement that plaintiff has a qualifying disability").

The case of *Herrera v. Maddox Management, LLC*, No. 1:25-cv-00658, 2026 WL 36064, *7-9 (D.N.M. Jan. 6, 2026) is very similar. In that case, the federal District Court in New Mexico dismissed a second amended complaint sua sponte that had brought claims under the Fair Housing Act after the landlord had brought an eviction against the plaintiff. The District Court observed that the Second Amended Complaint "does not assert any factual allegations regarding [plaintiff's] alleged disability." *Id.* at *8. While the second amended complaint alleged that the defendant landlord had discriminated against the plaintiff, it did not, the District Court observed, "allege that Defendant discriminated in the sale or rental of a dwelling or otherwise made unavailable or denied him a dwelling, *because of his disability*." *Id.* (emphasis added). Further, the District Court wrote, the second amended complaint "does not assert facts plausibly alleging that [plaintiff] was not delinquent or that he did not owe rent," and hence that the eviction action was not brought for that reason. *Id.* at *9. The Second Amended Complaint here suffers from all the same deficiencies.

The District Court in *Herrera* dismissed the second amended complaint there, with prejudice. It wrote, "Because the Court has already offered leave to amend twice, it need not sua sponte offer leave to amend again." *Id.* at *12.

The result should be the same here.

4

Respectfully submitted by:

| | |
|---|---|
| HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC, | BOZZUTO MANAGEMENT COMPANY, |
| By its attorneys, | By its attorney, |
| */s/ Daniel P. Dain*<br>Daniel P. Dain, BBO# 632411<br>Kate Moran Carter, BBO# 663202<br>Dain, Torpy, Le Ray, Wiest & Garner, P.C.<br>175 Federal Street, Suite 1500<br>Boston, MA 02110<br>ddain@daintorpy.com<br>kcarter@daintorpy.com<br>P: (617) 542-4800 | */s/ Ted Papadopoulos*<br>Ted Papadopoulos, BBO# 671506<br>AMPS Law, P.C.<br>304 Cambridge Road, Suite 440<br>Woburn, MA 01801<br>ted@ampslaw.com<br>P: (781) 756-6600<br>F: (888) 756-6680 |

Date: July 20, 2026

## CERTIFICATE OF SERVICE

I, Daniel P. Dain, hereby certify that on this 20th day of July 2026, I served a copy of the foregoing document on plaintiff via email.

*/s/ Daniel P. Dain*

Daniel P. Dain