UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SANDRA FERNANDEZ DE VILLAVICENCIO,**<br>Plaintiff,<br><br>v.<br><br>**HINES INTERESTS LIMITED PARTNERSHIP; MARINA BAY RESIDENCES, LLC; and BOZZUTO MANAGEMENT COMPANY,**<br>Defendants. | **Civil Action No. 1:25-cv-12088-WGY** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO JULY 20, 2026 ELECTRONIC ORDER AND MOTION FOR LIMITED ENLARGEMENT OF TIME TO COMPLETE SERVICE

Plaintiff respectfully submits this Memorandum in support of a limited fourteen-day enlargement, through September 2, 2026, to permit completion of the service process that remains open with the United States Marshals Service and the return or filing of the corresponding proofs of service.

### I. RELEVANT BACKGROUND

On July 20, 2026, after allowing Defendants leave to file their reply, the Court expressly afforded Plaintiff thirty days to "address or cure any service issues." During that period, Plaintiff repeatedly followed up with the United States Marshals Service regarding service, advised Marshals Service personnel of the Court-imposed deadline, and sought information concerning completion of service.

Marshals Service personnel have confirmed that the service matter remains "open" in the Marshals Service system. Formal service has not yet been completed. Plaintiff therefore seeks a limited fourteen-day enlargement so that the open Marshal service process may be completed and the corresponding proofs of service returned or filed.

### II. THE LIMITED ENLARGEMENT IS WARRANTED

#### A. The circumstances support good cause under Rules 4(m) and 6(b).

Rule 4(m) provides that when service has not been completed within the prescribed period, the Court may "order that service be made within a specified time"; if the plaintiff shows good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The First Circuit recently confirmed that Rule 4(m)'s good-cause inquiry is mandatory and that, when

good cause is shown, an extension is required. *Hewes v. Gardiner*, No. 24-1736, slip op. at 40-41 (1st Cir. Dec. 18, 2025). Rule 6(b) likewise authorizes enlargement of time, and D. Mass. L.R. 4.1(b) directs a pro se party seeking to show good cause for delayed service to proceed by a Rule 6(b) motion supported by affidavit.

The circumstances support the limited relief requested. During the period afforded by the Court, Plaintiff continued to pursue the status of the Marshal service, repeatedly followed up regarding completion, and specifically advised Marshals Service personnel of the Court-imposed deadline. The service matter remains open in the Marshals Service system. Plaintiff seeks only fourteen additional days to permit completion of that existing process and the return or filing of proof.

**B. Alternatively, Rule 4(m) permits a short discretionary enlargement.**

Even if the Court determines that good cause has not been established, Rule 4(m) permits the Court to specify an additional period for service rather than dismiss the action. See *Henderson v. United States*, 517 U.S. 654, 662-63 (1996).

A fourteen-day enlargement will cause no material prejudice to Defendants. Defendants have actual notice of this action, are represented by counsel, and have actively participated in the litigation, including by moving to dismiss and filing a substantive reply addressing both service and the merits. Plaintiff does not contend that actual notice substitutes for formal service. Rather, those circumstances demonstrate that the limited additional period requested will not impair Defendants' ability to defend the action.

**C. If the Court deems the request filed after expiration, Rule 6(b)(1)(B) also supports relief.**

D. Mass. L.R. 5.4(d) provides that electronic transmissions completed after 6:00 p.m. are not considered timely filed that day. To the extent the Court therefore deems this request filed after expiration of the period afforded by the July 20 Electronic Order, Plaintiff alternatively requests the same limited relief under Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable determination considering, among other circumstances, prejudice, length and effect of delay, the reason for delay, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Any such delay is less than one court day. Plaintiff continued throughout the Court's thirty-day period to pursue the status of the Marshal service, obtained current confirmation on August 19,

2026 that the service matter remains "open," and acted promptly to place the status before the Court. Defendants have actual notice and are actively litigating this action; the requested enlargement is brief; and the request is made in good faith. These circumstances support the limited relief requested.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a limited fourteen-day enlargement, through **September 2, 2026**, or such other brief period as the Court deems appropriate, to permit completion of the service process that remains open with the United States Marshals Service and the return or filing of the corresponding proofs of service.

Respectfully submitted,

**/s/ Sandra Fernandez de Villavicencio**
Sandra Fernandez de Villavicencio
Plaintiff, Pro Se
550 Liberty Street, Unit 905
Braintree, Massachusetts 02184
Telephone: (617) 806-6566
Email: sandreva14@yahoo.com

Dated: August 19, 2026

**CERTIFICATE OF SERVICE**

I certify that the foregoing is being filed through the Court's CM/ECF system, which will transmit a Notice of Electronic Filing to registered participants. Any participant not receiving electronic service through CM/ECF will be served in accordance with Fed. R. Civ. P. 5.

/s/ Sandra Fernandez de Villavicencio
**Sandra Fernandez de Villavicencio**