UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDRA FERNANDEZ DE VILLAVICENCIO,
Plaintiff,

v.

HINES INTERESTS LIMITED PARTNERSHIP;
MARINA BAY RESIDENCES, LLC; and
BOZZUTO MANAGEMENT COMPANY,
Defendants.

Civil Action No. 1:25-cv-12088-WGY

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

## I. GOVERNING AUTHORITY

The Fair Housing Act provides that, upon application by a person alleging a discriminatory housing practice, the Court may appoint an attorney for that person. 42 U.S.C. § 3613(b)(1). Section 3602(f) defines "discriminatory housing practice" to include conduct unlawful under 42 U.S.C. § 3617; accordingly, § 3613(b)(1)'s appointment authority applies directly to Plaintiff's two surviving § 3617 counts.

Section 1915(e)(1) separately provides that the Court may request an attorney to represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Both provisions are discretionary; neither creates an entitlement to counsel in this civil action. Section 3613(b)(1), however, is an independent, FHA-specific grant of appointment authority; Plaintiff also satisfies the considerations applied under § 1915(e)(1).

Under First Circuit law applying § 1915, a litigant seeking appointed counsel must establish indigency and exceptional circumstances such that denial of counsel is likely to result in fundamental unfairness. The Court examines the total situation, focusing among other things on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991).

General Order 09-4 supplies this Court's mechanism for pro bono representation after a judicial officer determines that appointment is warranted. Under the Plan, an order approving pro bono appointment is transmitted to the Pro Bono Coordinator, who then seeks volunteer counsel. General Order 09-4, Plan §§ I, III.A.

## II. PLAINTIFF IS FINANCIALLY UNABLE TO RETAIN COUNSEL AND HAS ATTEMPTED TO OBTAIN REPRESENTATION

The financial issue is already substantially established in the record. On March 3, 2026, the Court allowed Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 8). Plaintiff's financial circumstances have not materially improved. As stated under penalty of perjury in the accompanying declaration, she remains unemployed, receives no wages or employment income, receives MassHealth/Medicaid, and cannot afford a private attorney's retainer or hourly federal-litigation fees.

Plaintiff has made reasonable efforts to obtain representation through legal-aid organizations, attorney-referral resources, and other available resources for obtaining legal assistance. Those efforts have not resulted in counsel available to represent her in this action. Plaintiff has not sought to retain private counsel because she cannot afford a private attorney's retainer or hourly federal-litigation fees.

If the Court requires updated financial documentation beyond the existing IFP record and the declaration, Plaintiff will provide it promptly.

## III. THE CURRENT POSTURE SUPPORTS APPOINTMENT

The case is no longer at the pleading stage. At the September 28, 2026 hearing, the Court denied Defendants' Renewed Motion to Dismiss the Second Amended Complaint. That ruling is not a determination of ultimate merit, but it establishes that the two surviving counts will proceed and must now be developed through evidence rather than allegations alone.

At that hearing, the Court stated that Defendants may move for summary judgment at any time. The Court subsequently set the action Ready for Trial on January 4, 2027 at 9:00 a.m.

The work required before then may include Rule 26 disclosures; targeted document and electronically stored information discovery; interrogatories and requests for admission; depositions of fact and corporate witnesses; and preparation of a record that complies with Fed. R. Civ. P. 56 and Local Rule 56.1.

Plaintiff's ability to present pleadings and oppose dismissal pro se does not eliminate the need for counsel at this materially different evidentiary stage. The tasks now required involve procedural and evidentiary judgments concerning relevance, proportionality, preservation, privilege, deposition practice, authentication, admissibility, record citations, witness examination, and trial presentation. Plaintiff is not an attorney and has no legal training in federal discovery, summary-judgment practice, evidence, or jury trial.

The factual issues also make counsel useful at this stage. The two surviving counts concern, among other matters, Defendants' knowledge, the reasons and decisionmakers behind subsequent housing actions, the chronology of those actions, agency, and the circumstances surrounding the alleged interference. Material evidence is expected to be in the possession of corporate Defendants represented by experienced counsel. Appointment would materially assist Plaintiff in developing an admissible record and would assist the Court by narrowing disputes before dispositive motions and trial.

**IV. THE REQUEST IS TIMELY, UNOPPOSED, AND DOES NOT SEEK DELAY**

At the September 28 hearing, the Court inquired whether Plaintiff wished to obtain counsel. Plaintiff proceeded pro se at that hearing. The case has since moved beyond the pleading stage into the evidentiary, dispositive-motion, and trial-preparation stages for which Plaintiff now seeks counsel.

Plaintiff brings this motion promptly following that hearing and the Court's subsequent trial notice. She does not ask the Court to stay the litigation while the request is considered and will continue to prosecute the case and comply with all deadlines if volunteer counsel cannot be secured.

Following conferral pursuant to Local Rule 7.1(a)(2), each Defendant stated that it takes no position on Plaintiff's request.

## V. CONCLUSION

Considering the FHA's specific appointment authority, the existing IFP determination, Plaintiff's present inability to retain counsel, her reasonable but unsuccessful efforts to obtain representation, the survival of the two counts past Rule 12, the possibility of summary-judgment practice at any time, the January 4, 2027 Ready-for-Trial setting, the demands of developing an admissible evidentiary record, and the materially different skills required at this stage, Plaintiff respectfully requests that the Court appoint counsel pursuant to 42 U.S.C. § 3613(b)(1), or request volunteer counsel pursuant to 28 U.S.C. § 1915(e)(1), with implementation through General Order 09-4. Alternatively, Plaintiff requests appointment limited to discovery, dispositive-motion practice, trial preparation, or such other issues as the Court deems appropriate.

Respectfully submitted,

/s/ Sandra Fernandez de Villavicencio
Sandra Fernandez de Villavicencio
Plaintiff, Pro Se
550 Liberty Street, Unit 905
Braintree, Massachusetts 02184
Telephone: (617) 806-6566
Email: sandreva14@yahoo.com

Dated: October 6, 2026

## CERTIFICATE OF SERVICE

I certify that on October 6, 2026, I filed the foregoing through CM/ECF. Under Local Rule 5.4(c), transmission of the Notice of Electronic Filing constitutes service on registered ECF users.

/s/ Sandra Fernandez de Villavicencio
Sandra Fernandez de Villavicencio, Pro Se